(No. 15932.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK DURAND, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. CRIMINAL LAW—*defendant indicted for murder may be found guilty of manslaughter—instructions.* An indictment for murder, drawn under our statute, contains sufficient allegations to charge manslaughter, and a jury may, if the evidence warrants it, find the defendant guilty of manslaughter under a charge of murder, notwithstanding counsel for the defendant insist that the defendant is either guilty of murder or guilty of no offense; and it is not error to refuse an instruction asked by the defendant stating, in substance, that the jury must either find defendant guilty of murder or acquit him.

2. SAME—*when an instruction should be given defining manslaughter—reversal.* Whenever, in a murder trial, an instruction is given authorizing the jury to bring in a verdict of manslaughter if such verdict is warranted by the evidence, an instruction defin-

ing manslaughter should also be given; but whether failure to give such an instruction will necessitate a reversal depends upon the facts in each particular case.

3. SAME—*when an instruction as to self-defense is improperly worded.* In a murder trial, an instruction as to self-defense stating, in substance, that if the defendant believed, or had reasonable ground to believe, that he was in danger of great bodily harm he had a right to defend himself, is improper in using the word "or" in place of "and," as the belief and reasonable ground of belief are both essential.

4. SAME—*instruction should not single out particular fact.* In a murder trial an instruction calling special attention to the fact that the deceased was a much larger man than the defendant is improper in singling out that particular fact, although it is proper for the jury to take such fact into consideration with all the other facts in the case.

·  5. SAME—*when, only, will verdict be set aside as not warranted by the evidence.* It is only when the Supreme Court is satisfied, from a careful consideration of the whole testimony, that there is a reasonable doubt of the guilt of the accused that it will set aside the verdict as not warranted by the evidence.

·  6. SAME—*judgment will not necessarily be reversed because instruction does not state all the law.* Where the law of the case has been fairly presented in the instructions the Supreme Court will not reverse the judgment because an instruction objected to does not contain all the law on the particular subject unless the peculiar circumstances of the case render such instruction misleading.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

FOWLER & RUMSEY, for plaintiff in error.

,  EDWARD J. BRUNDAGE, Attorney General, CHARLES H. THOMPSON, State's Attorney, and GEORGE C. DIXON, for the People. ,

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

·  Frank Durand was convicted in the circuit court of Saline county for manslaughter under an indictment charging him with the murder of Charles Boone Wilson by striking

him on the head with a piece of brick. He has sued out this writ of error for a review of the record.

Plaintiff in error was previously convicted for murder under the same indictment, which record was reviewed by this court in *People* v. *Durand*, 307 Ill. 611. There is no material difference in the evidence introduced on behalf of both the State and plaintiff in error in the two trials of this cause and we refer to our former statement of the facts in the case for the facts in the latter trial, which are very fully stated. The plea of plaintiff in error (herein called the defendant) was self-defense in the latter trial as well as in the former and he offered no instruction as to the offense of manslaughter. It is contended by the defendant that it was the theory of both the prosecution and the defense that the killing was either murder or justifiable homicide. The record shows that that was the theory of the defendant, and he offered an instruction to the court, which was refused, to the effect that the question in the case was not whether defendant killed the deceased, but whether the defendant killed the deceased unlawfully and with malice aforethought, as charged in the indictment, and that if the jury entertained any reasonable doubt as to whether such killing was done with malice aforethought it would be the duty of the jury to find the defendant not guilty. Among the People's instructions given to the jury is one to the effect that under the indictment for murder the jury might find the defendant guilty of murder or of manslaughter, or not guilty of either offense. The court also in its forms of verdict gave a form for finding the defendant guilty of manslaughter in case the evidence so warranted.

One of the contentions argued by plaintiff in error is that there could be no finding by the jury that the defendant was guilty of manslaughter that could be sustained under the evidence in this record. When the evidence is analyzed carefully it will clearly appear that the verdict of manslaughter is sustained, and that it was not error on the

part of the court to instruct the jury that under the indict-
ment for murder they might find the defendant guilty of
murder or of manslaughter, or they might find him not
guilty. The only error committed in this regard by the
court was so instructing the jury without defining the term
"manslaughter." A verdict of manslaughter was clearly
warranted under the evidence on the theory that the defend-
ant in a heat of passion killed the deceased, and that that
heat of passion was caused by the fact that the deceased
was abusing and fighting two small boys, who were friends
of the defendant. There was a very highly controverted
question in the record as to whether or not the defendant
carried the brick with him to the scene of the killing from
his home, where he started and ran part of the way and
threw the brick almost instantly after getting within about
fifteen feet of the deceased and at a time when the deceased
was doing nothing to the boys or to the defendant, or
whether he deliberately walked to the scene of the killing
and without in any way intending to offend the deceased
told him that he should not be abusing and fighting the boys
and then backed away and continued to back away while
the deceased was coming towards him with a knife, and
while the deceased was so advancing picked up the brick
and threw it at him as an act of self-defense and for the
purpose of keeping the deceased from injuring him with
the knife. Under the defendant's evidence, alone, his act
was in self-defense; under the State's evidence and that
of the defendant he was guilty of murder or of man-
slaughter. The court therefore properly refused the de-
fendant's first refused instruction limiting the issue to two
propositions, only: that the defendant was guilty of mur-
der or guilty of no offense.

The defendant also makes the contention that the court
erred in giving certain instructions for the People and in
refusing certain instructions offered by him. Some of the
instructions for the People are not very aptly worded, but

the instructions as a whole are substantially correct, and, considering all the instructions offered and given by both parties, all the law applicable to the case was given to the jury, and the defendant has shown no substantial ground for a reversal for the giving of instructions or in modifying the instructions of the defendant. The only error that the court committed was in giving instructions on manslaughter without defining that term.

The defendant's second instruction is erroneous in this particular: in stating to the jury, in substance, that if he believed, or had reasonable grounds to believe, that he was in danger of receiving great bodily harm at the hands of his assailant he had a right to defend himself, etc. Before he would be warranted in exercising his right of self-defense by the use of a deadly weapon he must both believe, and have reasonable grounds to believe, that he was in danger of receiving great bodily harm. The word "or," used in this instruction, should have been "and."

The fifth instruction offered by the defendant was properly refused because it calls special attention to the fact that the deceased was a much larger man than the defendant. While it is proper for a jury to take into consideration this fact, it is equally so that they take into consideration all the facts bearing upon the question of guilty or not guilty. This instruction limited the consideration entirely to the one fact mentioned.

This court has never held, we believe, that a defendant has the absolute right of having his case submitted to the jury in such a way that the jury is compelled to find him guilty of murder or not guilty. All indictments for murder in this State contain sufficient allegations to also charge manslaughter, and a jury is warranted in finding a defendant guilty of manslaughter under a charge of murder where the evidence warrants it. There might be some cases in which an instruction for manslaughter would not be applicable to the facts, but this court has always recognized

the verdict of a jury as being legal when it ought to have
been for murder or nothing, if the evidence clearly war-
ranted the verdict finding the defendant guilty of murder..
The court, however, should in every instance where a form
of verdict for manslaughter is given, see also that an in-
struction is given defining manslaughter. This court has
never held, as a matter of law, that it was reversible error
to submit a form of verdict for manslaughter without giv-
ing an instruction defining manslaughter. The question
whether or not such failure to give an instruction for man-
slaughter is reversible error must necessarily depend upon
the facts in each particular case as it arises.

This court has constantly held that wherever a defend-
ant wanted instructions given bearing on the question of
manslaughter it was his duty to prepare proper instructions
of that character and tender them to the court. In the
present case we do not think that the error of the court in
giving the form of verdict for manslaughter, or in giving
the instruction for the People that under an indictment for
murder a defendant may be found guilty of murder, man-
slaughter or not guilty, without giving a further instruction
properly defining manslaughter, is reversible error. We do,
however, want to emphasize the fact that it is error for
the court to give such an instruction without the proper
definition of manslaughter, and that the State's attorney in
offering such an instruction, and the court in giving it with-
out the proper definition, take chances in every case in
having the judgment reversed, because we recognize the
fact that the court ought not to give any instruction on
manslaughter without fully covering the question. In the
case of *McCoy* v. *People,* 175 Ill. 224, it is held that it is
only when we are satisfied, from a careful consideration of
the whole testimony, that there is a reasonable doubt of the
guilt of the accused that we will set aside the verdict as
not warranted by the evidence. It was also held in that

case that if the law of the case has been fairly presented we will not reverse the judgment because an instruction objected to does not contain all the law on the subject, unless the peculiar circumstances of the case render such instruction misleading.

·   The judgment of the circuit court is affirmed.

*Judgment affirmed.*