(No. 20271.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE MOORE *et al.* Plaintiffs in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

ANDREW A. EUZZINO, (JOHN M. LONERGAN, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, and JOHN A. SWANSON, State's Attorney, (HENRY T. CHACE, JR., GREENVILLE BEARDSLEY, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Plaintiffs in error were indicted in September, 1929, by the grand jury of Cook county, the indictment containing only one count, charging the robbery of John Skurdanis on September 5, 1929, of money and checks of the value of $250, the property of Samuel Kurin & Sons, with the additional charge of being armed with a gun. Both were arraigned and pleaded not guilty, but when brought to trial at the February term, 1930, of the criminal court of Cook county, they withdrew these pleas, waived a jury trial and pleaded guilty. Upon their pleas of guilty, evidence was heard and they were sentenced to the penitentiary for from one year to life. Motions for a new trial and in arrest of judgment were overruled and they were committed to the penitentiary. By this writ of error they seek a review of the proceedings which resulted in their conviction.

The particular point urged as ground for reversal is, that the sentence was heavier than defendants were led to expect before they changed their pleas from "not guilty" to "guilty." They contend that the trial court erred in not properly advising them as to the consequences of pleading guilty, and that, being thus misled, they should have been allowed to withdraw their pleas of guilty after the court had heard the evidence and pronounced judgment.

The record shows that at the opening of the case counsel for defendants made a statement that they were considering the withdrawal of their pleas of not guilty, and suggested that defendants would be willing to plead guilty to

the minor count in the indictment, asking what would happen if they pleaded guilty to the "other charge." There was no other charge in the indictment, which consisted of only one count, charging robbery with a gun, but evidently counsel referred to the element of larceny. The prosecutor insisted that the pleas be to the indictment. The court then told defendants that if they were not willing to rely upon him they could submit the case to a jury. The prosecutor remarked that on a plea of guilty the court had two alternatives—either to give defendants the maximum sentence, or probation; that there could be no intermediate sentence given on a plea of guilty of robbery with a gun; that "larceny carries with it the penalty of one to ten years, but if we were to go ahead before a jury on this I would *nolle prosse* that count." Just what "count" the prosecutor had in mind is uncertain. The following colloquy then took place in open court:

The court: "If you are willing to submit the case to the court we feel it is expediting matters and feel that the defendants are trying to save time, as far as the court is concerned, and it should be encouraged. In other words, the defendants plead guilty and there is a certainty of some punishment and there is a speedy trial. All of those points are to be considered.

Mr. West, assistant State's attorney: "And the parole board would also consider those points when a man is sent down on a plea of guilty.

The court: "Yes. All the penal institutions are overcrowded now, and unless they enlarge these 'hotels' the conditions will be getting worse. They take all those things into consideration.

Mr. West: "Well, shall we proceed, counsel?

Mr. Euzzino, attorney for defendants: "I wish to change the plea of not guilty as to both of these defendants and enter a plea of guilty.

The court: "Enter pleas of guilty. Is that your decision, counsel?

Mr. Euzzino: "Yes, your honor.

The court: "Under the pleas of guilty the defendants are to be advised by the court as to what the result will be. The court has the right under your pleas of guilty to sentence you from one year to life on the charge of robbery with a gun, or the court could give you from one to ten years, or as a third result the court could place you on probation, if the court believes you are entitled to probation. However, I believe in this case it is only fair to say that I would be inclined to take the second view of the case—that is, from one year to ten years. I am telling you this before you enter your pleas. Being advised by the court as to what the result of the plea of guilty is, do you desire to withdraw your pleas of not guilty and enter pleas of guilty?

The defendant John Shurrum: "I plead guilty.

The defendant Eugene F. Moore: "I plead guilty.

The court: "All right. The two defendants plead guilty and persist in their pleas. Let us now hear the first witness."

Section 4 of division 13 of the Criminal Code (Smith's Stat. 1929, p. 1065,) provides: "In cases where the party pleads 'guilty' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

It is urged on behalf of defendants that the statement of the court was not sufficient to comply with the statute, and we agree that their views in this regard must be sustained. The statute contemplates that the plea of guilty can only be entered after a defendant has been fully advised by the court of his rights and the consequences of his plea.

(*Krolage* v. *People*, 224 Ill. 456.) Here the record shows there was uncertainty and confusion whether the defendants were to be sentenced for larceny or for robbery with a gun. The court and State's attorney both encouraged the defendants to plead guilty as a means of securing a lesser punishment. The trial judge indicated that he had a right under the pleas of guilty to sentence defendants either from one year to life on the charge of robbery with a gun or from one to ten years or could place them on probation, and said that he "would be inclined to take the second view of the case—that is, from one year to ten years. I am telling you this before you enter your pleas." Thus the defendants entered their pleas of guilty believing that by reason of the court's statement they would not be sentenced for robbery but would receive a sentence of from one to ten years or be placed on probation.

Leave to withdraw a plea of guilty should be granted where it appears, among other reasons, that the plea was entered through misapprehension of the facts or the law, or where the ends of justice will best be served by permitting a plea of not guilty in its stead. (*Krolage* v. *People, supra; People* v. *Walker,* 250 Ill. 427; *People* v. *Byzon,* 267 id. 498; *People* v. *Bonheim,* 307 id. 316; *People* v. *Lavendowski,* 326 id. 173; *People* v. *Ensor,* 319 id. 255; *People* v. *Kleist,* 311 id. 179.) The fact that on a trial the defendants may be found guilty is not of itself a sufficient reason to deny them the right, upon a proper showing, to withdraw their pleas of guilty and to enter pleas of not guilty. (*People* v. *Kurant,* 331 Ill. 470.) Under the circumstances the trial court should have vacated the judgment and allowed the defendants to withdraw their pleas of guilty.

Accordingly the judgment of the criminal court of Cook county is reversed and the cause is remanded to that court.

*Reversed and remanded.*