Hillsborough, }
July 27, 1951. }  No. 4039.

ROBERT EDWARD FITZGIBBONS

*v.*

PARKER L. HANCOCK & a.

164

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*Gordon M. Tiffany*, Attorney General, and *John N. Nassikas* (*Mr. Nassikas* orally), for the State.

BLANDIN, J. The basic question before us is whether the procedure in the Trial Court permitting this plaintiff to plead guilty without the advice of counsel was so unfair that it violated the Fourteenth Amendment. Admittedly due process as therein required cannot be defined with precision (*Bute* v. *Illinois*, 333 U. S. 640, 648, 649), nor are other decisions of much help since "each case depends on its own facts." *Uveges* v. *Pennsylvania*, 335 U. S. 437, 441. In general it may be said that the proceedings in the Trial Court should be upheld unless they violated "the very essence of a scheme of ordered liberty." *Bute* v. *Illinois, supra,* 659. The fact alone that the plaintiff was without counsel does not establish that they did. *Gibbs* v. *Burke*, 337 U. S. 773, 780.

Under our law unquestionably the Court had discretionary power to accept the plea of guilty although it was made without the advice of counsel. "Any person held for the grand jury charged with the commission of any other offense, [except those the punishment of which may be death] the punishment whereof may be three years' imprisonment, shall be entitled to have counsel assigned to him by the court and to such process from the court to compel the attendance of witnesses as is usually granted on behalf of the state if the court shall be of the opinion that he is poor and unable to defray the expense of obtaining counsel and the attendance of witnesses, and that injustice may be done if provision is not made therefor at the public expense." R. L., c. 428, s. 2; *State* v. *Weeks*, 78 N. H. 408, 409; see also *Betts* v. *Brady*, 316 U. S. 455. The plaintiff's minority, though a factor which must be carefully weighed in determining whether due process was observed, does not alter this as shown by R. L., c. 428, s. 5, which provides in effect that where the minor is under seventeen he shall not be permitted to plead guilty, except with the consent of his parents, until counsel has been appointed for him. The plain implications of these sections and the practice long followed here permits no reasonable doubt that the Court within his discretion could allow the plaintiff to plead guilty without the advice of counsel. Nor will it be presumed that this discretion was abused. *Carpenter* v. *Berry*, 95 N. H. 151, 152; *Bute* v. *Illinois*, 333 U. S. 640, 671, 673. On the contrary the burden is on the plaintiff to show such abuse as amounted to a disregard of fundamental concepts of justice. *Quicksall* v. *Michigan*, 339 U. S. 660, 665. The fact that the same Judge who presided at the trial denied the motion to set aside the judgment and sentence is in accord with our long established procedure and founded upon obvious practical considerations. No authority or sufficient reason is advanced for abandoning this practice. With these principles as our standard we turn now to the facts of this case.

At the outset it should be noted there is no evidence here of any hostility on the part of the Presiding Justice nor was this a case where a trial was unfairly conducted, as distinguished from a case where the plaintiff pleaded guilty. *Cf. Gibbs* v. *Burke*, 337 U. S. 773. There is no suggestion that the plaintiff was threatened or that he was under the influence of any drugs or stimulants. The offenses were neither capital nor of a complicated nature. See anno. 93 L. ed. 149. Again as appears from the probation report

this was not the plaintiff's first experience with courts, law enforcement officials or probation officers.

It is of some significance that one of his companions, Brown, who was indicted for committing the same crime under like circumstances had counsel. Brown pleaded first not guilty and then guilty just as did the plaintiff and their sentences were identical. Less than a month after he was sentenced the plaintiff had counsel and at the hearing on his motion to set aside his sentence, he had two lawyers of ability, experience and standing representing him. At this hearing the question whether injustice had been done him because of his immaturity, lack of judgment and failure to have the advice of counsel was squarely raised as was the question of the improper use of the probation report by the Court in determining the sentence. It is implicit in the denial of the motion that the Presiding Justice found against the plaintiff on these issues and that the proceedings wherein he was sentenced were fair. *State* v. *Hale*, 85 N. H. 403. This is true although the doctrine of *res judicata* does not apply to *habeas corpus* proceedings. *Gobin* v. *Hancock*, 96 N. H. 450. The probation report was in accordance with the practice of the department and on the regulation form provided for the purpose. That it was competent on the question of sentence admits of no doubt. *Williams* v. *New York*, 337 U. S. 241. From the adverse decision on this petition no appeal was taken though his counsel concedes he could have done so. This raises the question whether the petitioner has mistaken his remedy, but if this be so, nevertheless we have considered the matter as though the proper relief had been sought. *Cf. Carpenter* v. *Berry*, 95 N. H. 151, and authorities cited.

Last but by no means least we must remember that the atmosphere and circumstances—whether the petitioner appeared immature, confused and uncertain, or reasonably experienced, clear and assured, all facts of the greatest if not controlling importance, cannot be reproduced before us but were peculiarly within the knowledge of the Presiding Justice. See *Bute* v. *Illinois*, 333 U. S. 640, 671. In the last analysis the fair conduct of matters of this kind must depend "largely on the wisdom and understanding of the trial judge." *Gibbs* v. *Burke*, 337 U. S. 773, 781. We do not believe the record here compels the finding that either or both of these qualities were lacking, or that the "essence of . . . ordered liberty" was threatened by the denial of the petitioner's motion to set aside his sentence.

His other contentions having been examined and none of merit found the order is

*Petition dismissed.*

All concurred.