(No. 31687.-

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND ROSS, Plaintiff in Error.

*Opinion filed September 21, 1951.*

Samuel S. Siegel, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, William J. McGah, Jr., and John M. Long, all of Chicago, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

An indictment charging murder was returned against the defendant, Raymond Ross, in the criminal court of Cook County, on July 21, 1949. Upon a jury waiver and withdrawal of a plea of not guilty and the subsequent

entry of a purported plea of guilty on September 22, 1949, the defendant, after a hearing in respect to aggravation and mitigation, was sentenced to the penitentiary for a term of thirty-five years.

The defendant, Ross, is a colored boy and at the time of the shooting was sixteen years of age. The deceased victim, Woodley Jones, Jr., also a colored boy in his teens, was shot as a result of an altercation and affray between two rival "gangs" in Chicago's congested south side.

On October 20, 1949, and within thirty days of the entry of the judgment and before the defendant had started serving his sentence, new counsel filed a motion to vacate the judgment and sentence; to stay the *mittimus;* to grant leave to defendant to withdraw his jury waiver and plea of guilty; and to grant a new trial. On October 26, the court overruled the motion for a stay of *mittimus* without disposing of the motion to vacate. The State's Attorney moved to strike the motion to vacate the judgment and to grant a new trial and the same was continued several times to December 13, 1949, when the motion was ordered held on call. On December 16, 1949, defendant filed an amended petition and affidavits in support thereof, which in substance contained no material changes from the previous petition, except the amended petition alleged the supplemental fact that defendant was then incarcerated in the Illinois State Penitentiary. The State's Attorney filed no counteraffidavits. This petition then was continued no less than seven times until June 9, 1950, when an order was entered overruling the motion to vacate and to grant a new trial.

This cause is now before this court on writ of error, with the common-law record and bill of exceptions before us. The errors relied upon for reversal are that the conviction and sentence were in violation of sections 5 and 9 of article II of the constitution of Illinois and of the fourteenth amendment to the constitution of the United States,

and the court erred in denying the amended petition to vacate the judgment and sentence entered on September 22, 1949; that the defendant had no intention of pleading guilty and waiving a trial by jury and was improperly represented; that the defendant had a good defense of self-defense and the evidence produced was insufficient to convict the defendant beyond a reasonable doubt; and that the sentence imposed was excessive and unwarranted.

The defendant contends that, in view of his extreme youth, his alleged lack of experience, and illiteracy, the court did not adequately inquire into his understanding, or lack thereof, and did not sufficiently explain to him the purport of, or the consequences of, his change of plea and the waiver of the right to be tried by a jury. In addition to this, he alleges that his father, inexperienced in these matters, hired his attorney upon the recommendation of one of the arresting officers, and the attorney led him to believe, until the sudden change of plea, that there would be a jury trial with the opportunities to substantiate his plea of self-defense by a goodly number of available witnesses. He further asserts the attorney failed to consult with defendant's father concerning the change of plea, although the father was in the courtroom at the time. All the above, it is charged, when coupled with the alleged incompetence, negligence, and indifference of his attorney, constituted the latter "non-existent as far as protecting the rights of the accused was concerned," whereby he was deprived of his constitutional rights of trial by jury and to defend by counsel, thus amounting to a lack of due process.

A defendant in a criminal case has a right to be fully admonished and to have the consequences of his plea correctly explained before a plea of guilty can be received, and such plea must be persisted in before it can be recorded. (Ill. Rev. Stat. 1949, chap. 38, par. 732.) An examination of this record discloses considerable confusion existed as to the nature of the hearing at the time the

plea was changed and the court purportedly heard evidence as to mitigation and aggravation. To illustrate, defendant's attorney said defendant was pleading guilty, "that he shot somebody" and stated, in his opinion, the court had the right to find him guilty of murder or manslaughter. The court stated the penalties for murder, then stated, "If you have a defense of self-defense, that is one thing. If the evidence supports manslaughter, it will be manslaughter. If it is just murder and no self-defense, then it will be murder." The assistant State's Attorney in charge of the prosecution was in doubt as to the equivocal plea entered, for he interjected the following: "If the Court please, on that warning, and on the answers of the defendant * * * that it would be self-defense, then it wouldn't be a plea of guilty to the crime charged, because if it were self-defense it would be justifiable homicide * * *. I want him *and his counsel* [italics ours] to understand on a plea of guilty—self-defense would be justifiable homicide and there would be no plea of guilty. If he is going to interpose self-defense, I ask that the Court not allow his plea of guilty, so that I can ask for a jury and try him." The court: "The charge is murder." Attorney for defendant: "You can find him guilty of murder or manslaughter." The court: "Why argue about something that no one at present knows sufficiently about so that the Court can be properly advised? As far as the Court is concerned, if you want a change of venue from the Court, you can get that, but I at least have sense enough generally, when I hear the evidence, to know whether it is manslaughter, murder or what." Assistant State's Attorney: "I appreciate that and it is not the Court I am speaking for. It is for this man * * *." After defendant's counsel stated he was ready to proceed, the court said: "If you want a jury trial, I will transfer it." Assistant State's Attorney; "If there is a plea of guilty, I don't want a jury trial." Whereupon the attorney for the State repeated to defendant the pen-

alties for murder and stated, "if the Court sees fit to find you guilty of manslaughter, that the penalty for manslaughter is one to fourteen years?" And the defendant replied that he understood. The assistant State's Attorney then said: "And you still wish to plead guilty to *this* charge?" Defendant replied in the affirmative and his attorney then said: "It might also invoke an element of self-defense." Whereupon the Court interjected: "Let's not get wound up on that again." To which the assistant State's Attorney replied: "I hope *counsel* understands now." A jury waiver was then signed upon the insistence of the court and the hearing proceeded as to the occurrence in question. The defendant was the only witness to testify in his own behalf although he had several witnesses present in court, who, according to defendant's affidavits, would have substantiated his plea of self-defense, and some of the witnesses, at least, would testify that his arm or hand was pushed, discharging the gun.

It is not necessary to recount at length the facts of the killing, as the case will have to be retried. It is quite apparent from the above that a plea was being entered to a homicide, only, and not to the charge of murder as contained in the indictment. The case was being heard and considered as though the defendant had entered a plea of not guilty and the evidence submitted to the court without a jury to determine whether the case was one of murder, manslaughter, or justifiable homicide. The information given to defendant as to the punishment for a lesser crime than the one to which he was purportedly pleading guilty, and the suggestion that evidence of self-defense would be considered, were manifestly erroneous and misleading. We think the record shows the defendant was not afforded the proper and orderly hearing required by law in such cases.

It is true that on a trial of the issues a party charged with murder may be convicted of the lesser crime of manslaughter and such a verdict is entirely proper, (*People* v.

*Adams,* 289 Ill. 339; *People* v. *Durand,* 313 Ill. 582,) but on entry of a plea of guilty, the two are, by the provisions of our Criminal Code, separate and distinct crimes and a great difference exists in the penalties applicable thereto. . A plea of guilty can be accepted by the court only to a specific crime charged. And before accepting a plea of guilty in a murder case, the court should, when such a plea is permissible, assure itself that the plea is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of the nature and effect of the plea and of the facts on which it is founded, before proceeding to make it the foundation of a judgment. (26 Am. Jur. (Homicide) sec. 98.) When a plea of guilty to the charge of the crime of murder is fairly and understandingly made by the defendant, such plea admits every material fact alleged in the indictment and obviates the necessity of any proof whatever, (*Marx* v. *People,* 204 Ill. 248; *People* v. *O'Brien,* 306 Ill. 340,) for a plea of guilty settles all questions of guilt or innocence, (*People* v. *Popescue,* 345 Ill. 142,) and the consequences of it should be accurately and correctly stated. The hearing that followed was only to determine whether the punishment for the admitted crime of murder should be death, life imprisonment, or a term of years not less than fourteen.

Since this is true, the court should have advised the defendant that on a plea of guilty, his punishment would be encompassed within the limits set forth above. Yet if the language used by the court is to be taken as having its usual meaning, the defendant and anyone else could presume that the judge was going to hear evidence and then decide what crime was committed or whether there was justification for the defendant's acts. At least the defendant was informed that his punishment could be, in the court's discretion, as little as one year in the penitentiary. The defendant could have pleaded guilty to manslaughter

under the indictment against him, in which case such an instruction would have been proper, but a plea of guilty to the crime of murder foreclosed the possibility of a finding of guilt of manslaughter and the opportunity of showing any justification.

A plea of guilty can be entered only after a defendant has been fully and properly advised by the court of his rights and the consequences of his plea. (*Krolage* v. *People,* 224 Ill. 456; *People* v. *Varecha,* 353 Ill. 52.) In *People* v. *Moore,* 342 Ill. 316, we held that the trial court erred in receiving a plea of guilty where the defendants believed, by reason of the court's statement, that they would receive a lighter sentence than was imposed. The decisions in *People* v. *Jameson,* 387 Ill. 367, and *People* v. *Carzoli,* 340 Ill. 587, are of similar import.

This court has long adhered to the rule that although the record in the case shows that a defendant was duly admonished and informed of the effect of his plea of guilty, a request to change a plea from one of "guilty" to "not guilty" should, in the exercise of discretion, be granted where it appears that the guilty plea was entered through a misapprehension of the law, or where it appears there is doubt of guilt, or any defense exists at all worthy of consideration by a jury, or where the ends of justice will best be served by permitting a plea of not guilty in its stead. (*People* v. *Byzon,* 267 Ill. 498; *People* v. *Walker,* 250 Ill. 427; *People* v. *Jameson,* 387 Ill. 367; *People* v. *Moore,* 342 Ill. 316; *People* v. *Kurant,* 331 Ill. 470.) These cases also held that even though it is possible a defendant might be found guilty on a trial, such fact is not of itself a sufficient reason to deny him the right, upon a proper showing, to withdraw his plea of guilty and to enter a plea of not guilty.

In this case the defendant made a motion for such relief within thirty days after judgment was entered and before defendant had started to serve his sentence there-

under, and a motion was likewise made to stay the *mittimus*. In criminal cases, the general rule is that although a court may vacate its judgment during the term, (or within thirty days,) this applies only while the judgment remains unexecuted. The court has no power to vacate its judgment after a defendant has been sentenced and has been committed to the custody of the proper officer of the penitentiary, as the defendant then has entered upon the execution of the sentence and the court has lost jurisdiction of his person and the cause. This rule was so stated in *People* v. *Crooks*, 326 Ill. 266, at page 272. On writ of error in that case, a motion to withdraw a plea, and affidavits in support thereof, similar to those in the case at bar, were there considered by the court and treated as a *coram nobis* proceeding. No cases have been found directly upon the question of the loss of jurisdiction by the court where the motion was filed before the defendant had started to serve his sentence and before the *mittimus* was issued or a motion made to stay the *mittimus*. In *People* v. *Hamel*, 392 Ill. 415, no motion was made prior to beginning the service of sentence. In *People ex rel. Swanson* v. *Williams*, 352 Ill. 227, the motion was made after the *mittimus* was issued and delivered to the sheriff. The court there said that the mere filing of the motion to vacate does not have the effect of staying the *mittimus*. Here, a specific motion was also made to stay the *mittimus*, and the court overruled this motion without ruling on the motion to vacate. We think, under the situation here, and since the motions were in apt time, the court did not lose jurisdiction and the interests of simple justice required that both motions be promptly heard and, in view of the facts disclosed, allowed.

Therefore, in the view we take of this case, it is unnecessary to consider the sufficiency of the evidence taken upon the hearing on mitigation and aggravation or to further discuss the competency of counsel or the correctness of the sentence imposed.

608

The judgment is reversed and the cause remanded to the criminal court of Cook County, with directions to allow the motion to vacate the judgment and to allow the defendant to withdraw his plea of guilty and his jury waiver, and for a new trial.

*Reversed and remanded.*