# In Re Philip R. Newton

[218 A.2d 394]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 25, 1966

*Hanford Davis* for the petitioner.

*Louis P. Peck,* Deputy Attorney General, for the State.

**Keyser, J.** This is a petition for habeas corpus in which the petitioner claims he is unlawfully confined in the House of Correction because the court denied him permission before imposing sentence to withdraw his plea of guilty and enter a plea of not guilty.

The deputy attorney general filed an answer to the petition on behalf of the warden. However, he conceded in open court on the return day that the material facts are substantially as represented in the petition. He also stated that our appointment of a commissioner to take evidence and make findings of fact was not necessary. Thus, as presented to us, there is no factual dispute and we must accept as true the facts stated in the petition.

The petitioner was brought into Addison County Court on July 9, 1964 charged with the crime of breaking and entering. Petitioner pleaded not guilty and was released on bail of $5,000.00. He employed as his counsel at his own expense attorney Hanford G. Davis, Esquire.

Shortly after his arrest on July 9, 1964, petitioner was brought into Addison Municipal Court by the state's attorney on a different charge. After this he was confined in the Veterans Hospitals in White River Junction, Vermont, and Togus, Maine, until December 1964.

In February, 1965, the presiding judge of Addison County Court conferred with the state's attorney and attorney Davis regarding the delay in trial of the case against the petitioner. The court indicated an insistence for an immediate disposition of the case. The state's attorney at that time expressed an intention to nol-pros the case and assented to the suggestion of petitioner's attorney that if such an entry was to be made that it be made then and there.

Following his conference attorney Davis advised petitioner that the charges had been dropped. This appeared later not to be true from a newspaper report of cases for trial at the next term of court. Upon inquiry to the state's attorney concerning this, attorney Davis was informed a nolle prosequi of the case in municipal court had been made but not the one in county court.

On July 16, 1965, petitioner was in court again. At that time another conference was held with the court by attorney Davis and the state's attorney, who succeeded the previous prosecutor in office. At that time petitioner's attorney suggested to the court that in view of all of the circumstances surrounding the case and since petitioner had been led to believe the case had been dropped, that if petitioner changed his plea from not guilty to guilty the sentence be suspended and petitioner placed on probation with the special condition that he support his family then a charge on the Town of Middlebury.

The state's attorney advised the court that on the facts stated he would not object to this action by the court. The presiding judge discussed the matter of probation with the assistant judges and they advised him they also would not object to this disposition of the case.

Immediately after this conference with the court attorney Davis told petitioner that if he changed his plea the sentence would be suspended and he would be placed on probation. He was also told that for this reason sentence might be for a longer term and warned petitioner that it would be absolutely necessary for him to find work and

support his family. Attorney Davis, upon inquiry by his client, gave him absolute assurance that the possibility did not exist of his failing to receive a suspended sentence and probation.

At the conclusion of these conferences on July 9, the petitioner asked for and was granted permission to withdraw his plea of not guilty and make a plea of guilty.

Sentence was deferred pending a presentence investigation and report by the probation officer. The transcript shows the following colloquy between the court and the petitioner took place after the change of plea.

"The Court: ... Mr. Newton, assuming when the time comes the court gives consideration to placing you on probation, do you feel you can behave yourself and comply with the terms of probation?

Mr. Newton: Yes.

The Court: They tell me you have a wife and seven children. Do you think that you can keep yourself gainfully employed and support your family if the Court sees fit to place you on probation?

Mr. Newton: Yes, sir.

The Court: Do you have a job now?

Mr. Newton: I am working for my brother part-time.

The Court: You think you could keep out of trouble if the Court were to give you another chance?

Mr. Newton: Yes, sir.

The Court: Of course, you would have some incentive because if you got into trouble after being probated the probabilities are you wouldn't find it necessary to look for a job for awhile."

The petitioner with his attorney was in court again on August 23, 1965, for sentence. Previous to imposition of sentence the court called attorney Davis and the state's attorney into the chambers for a conference. After this conference petitioner's attorney advised petitioner that because of his previous record the court could not in good conscience suspend the sentence and place him on probation.

Being thus informed the petitioner advised his attorney that he wanted to withdraw his plea of guilty and have a trial. Attorney Davis

in open court moved that the petitioner be granted leave to withdraw his plea of guilty and re-enter a plea of not guilty so that he might have the opportunity to a jury trial. The transcript discloses that in stating the basis of petitioner's motion, attorney Davis explained to the court that he had not talked to the petitioner as to the facts relating to the complaint against him.

The court denied petitioner's request to change his plea, imposed a sentence of two to four years in the House of Correction and mittimus was issued.

We have recited the factual background at some length as they depict the unusual and exceptional circumstances involved in the case. And particularly the recital is all the more important and pertinent in light of the current enunciated constitutional doctrine of an accused's rights under the due process and equal protection clauses of the Constitution.

The petitionee by a motion to dismiss challenges the writ on the ground that habeas corpus is not available to the petitioner as a substitute for an appeal or writ of error.

"The normal and customary method of correcting errors is by appeal. The general rule is that the writ of habeas corpus will not be allowed to do service for an appeal. It is well settled that a writ of habeas corpus cannot be given the effect of a writ for the correction of errors and irregularities. *In Re Rickert,* 124 Vt. 232, 235, 203 A.2d 602, and cases there cited.

In the *Rickert case,* supra, the petitioner, although having an appeal pending in this court, claimed in his petition that exceptional circumstances existed which entitled him to the writ. We denied the writ holding that the petitioner's remedy by appeal was adequate.

Again, in the *Rickert* case we said at pp. 235-236:
"As stated by Chief Justice Hughes in *Bowen* v. *Johnston,* 306 U.S. 19, 27, the rule which requires resort to appellate procedure for the correction of error 'is not one defining power but one which relates to the appropriate exercise of power.' The rule is, therefore, not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. See *Sunal* v. *Large,* 332 U.S. 174, 180."

The petition in the case at bar is not to correct ordinary trial errors or irregularities. It does seek correction of the claimed error of the court denying petitioner's motion. The factual background is critical on whether the writ shall be granted or denied. This is a situation

where facts relied on are dehors the record in the criminal case. As a result such evidence would not have been for consideration and review on appeal.

■ The ruling of the court denying petitioner's motion was an exercise of discretion. *State* v. *Page,* 112 Vt. 326, 332, 24 A.2d 346. We are concerned here with more than a mere breach of discretion, such being a rather narrow area of the question raised because of the nature of the circumstances shown. The facts recited are sufficient to show that exceptional circumstances exist, and that the ruling was of constitutional dimension. This is not to mean in any sense that in every instance where a respondent's request to change his plea from guilty to not guilty is denied relief will be forthcoming by habeas corpus. This would be the exception, not the rule.

The situation here extends into the area of the petitioner's constitutional rights and justifies our consideration of the merits of the petition without further attention to petitionee's motion to dismiss. See *Commonwealth* v. *Banmiller,* 393 Pa. 530, 143 A.2d 657, 658, 659; *Fitzgibbons* v. *Hancock,* 97 N. H. 162, 82 A.2d 769.

The petitionee cites *In Re Garceau,* 125 Vt. 185, 187, 212 A.2d 633 as authority that habeas corpus is not the remedy. However, that case was not similar factually in any respect with this case. The *Garceau* case did not rest on the jury question or have constitutional overtones as here. Garceau made neither a timely nor an otherwise appropriate motion to strike his plea before or after sentence. Request for a jury trial was never asserted. Habeas corpus was not available to gain release from a commitment on a plea of guilty which was never previously challenged nor sought to have been withdrawn.

The remaining question is whether the trial court should have granted petitioner's request to change his plea to not guilty and for a jury trial.

Each case of necessity must depend upon its own facts and circumstances, and no hard and fast rule can be laid down that will fit every case. When an application is made to change the plea, all doubts should be resolved in favor of a trial on the merits. *State* v. *McAllister,* 96 Mont. 348, 30 P.2d 821.

The court said in *Fitzgibbons* v. *Hancock,* supra at pp. 770-771: "Admittedly due process as therein required (Fourteenth Amendment) cannot be defined with precision, *Bute* v. *Illinois,* 333 U.S. 640, 648-649, 68 S. Ct. 763, 92 L. Ed. 986, nor are other decisions of much help since 'each case depends on its own facts' *Uveges* v. *Pennsylvania,* 335 U.S. 437, 441, 69 S. Ct. 184, 186, 93 L. Ed. 127.''

The petitioner first pleaded not guilty to the charge against him in county court. Following this the various events recited supra took place as a result of which attorney Davis felt convinced that his client would be placed on probation. The statements made to petitioner by his attorney and the action in court likewise convinced the petitioner that this would be the outcome if he changed his not guilty plea to that of guilty.

Whatever final action the court would take was indefinite or uncertain. However, in the mind of the petitioner, rightly or wrongly, but reasonably and in good faith, there was no doubt as to the outcome of the case. It is apparent petitioner changed his plea in full reliance on this understanding. This misapprehension appears to be the influencing factor which prompted the petitioner to change his plea from not guilty to guilty. The guilty plea was not made by advice of counsel for the reason that attorney Davis judged petitioner guilty of the crime charged as it appears counsel at that moment had not talked with the petitioner on this aspect of the case. Presented with this situation, the reason petitioner· changed his plea to guilty might well have been to forestall a trial with a bad criminal record introduced against him if he testified and also to avoid a term of imprisonment.

". . ., If the defendant was in fact induced to enter his plea of guilty because of the statements of his counsel relative to the sentence that would be pronounced, and would not have done so except for this assurance, then he ought to be permitted to change his plea. A case presenting these circumstances is that of *State* v. *Stephens,* 71 Mo. 535." *State* v. *McAllister,* supra.

"Leave to withdraw a plea of guilty should be granted where it appears, among other reasons, that the plea was entered through misapprehension of the facts or law, or where the ends of justice will best be served by permitting a plea of not guilty in its stead. (Citing cases)." *People* v. *Moore,* 342 Ill. 316, 174 N.E. 386, 387.

Where defendant pleaded guilty when led to believe that recommendations of state, fire marshal and assistant state's attorney with respect to probation would carry weight, though court explained to defendant effect in rendering plea, defendant should have been permitted to withdraw his plea. *People* v. *Clavey,* 355 Ill. 358, 189 N.E. 364.

The transcript of the court proceedings indicates two reasons for the court's denial of petitioner's motion to change his plea to not guilty.

The court remarked in denying the motion that if granted it would

imply that it had made a "deal" as to sentence. It is abundantly clear that neither petitioner nor his counsel make any claim that a so-called "deal" was made with the court. Even if asserted, the record indisputedly refutes that such is the fact. We do not agree that granting the motion would have had any such overtone.

The court further said that before ruling it had reviewed petitioner's record which appears to be fraught with infractions of the law. This was apparently also a motivating reason for denial of the motion. No presumption of guilt attached to the fact of the information. That accused may be found guilty upon a trial is not of itself sufficient reason to deny him the right upon a proper showing to withdraw his plea of guilty and enter a plea of not guilty, or to deny him a full opportunity to present through counsel such defense as he may have to the charge. *People* v. *Jameson*, 387 Ill, 367, 56 N.E. 2d 790; *People* v. *Moore*, supra.

As appears from the record the court did not have before it for consideration in passing on the request to withdraw the plea of guilty any facts relating to the guilt or innocence of the petitioner. A factor to consider upon a motion to withdraw a guilty plea before sentence is the apparent guilt or innocence of the accused. *State* v. *Tyson*, 43 N.J. 411, 204 A.2d 864, 867. Petitioner's attorney did not present any information in this regard as he had no knowledge of the legal or factual issues involved.

In *Commonwealth* v. *Scoleri*, 415 Pa. 218, 202 A.2d 521 the court held at page 536: "The withdrawal of a plea of guilty is properly allowed . . . or (g) where because of very unusual circumstances, the Court believes that Justice will best be served by submitting the case to a jury."

In the interest of innocence, liberty and justice, every precaution must be taken to insure to the accused the fullest opportunity, advisedly, to present the merits of his defense. The very unusual facts in this case are persuasive that the petitioner's fundamental rights were not protected. The apparent reasons for the denial of the motion are not a sufficient basis for the deprivation of petitioner's constitutional rights. Considering the exceptional circumstances of the case, the motion to withdraw the plea of guilty should have been allowed.

In 1927 prior to the adoption of the Federal Rules of Criminal Procedure, the United States Supreme Court said in *Kercheval* v. *United States*, 274 U.S. 220, 224, 71 L. Ed. 1009, "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."

The Federal Rules express a general policy approach affecting the right of an accused to withdraw his plea of guilty *before* sentence. The enactment by construction in this area demonstrates a strong policy by the Federal courts in protecting constitutional rights. This is evident by two recent Circuit Court cases.

In *Kadwell* v. *United States* (9th Cir.), 315 Fed. 2d 667 the court said at p. 670: "Accordingly, Rule 32 (d) imposes no limitation upon the withdrawal of a guilty·plea *before* sentence is imposed, and such leave 'should be freely allowed.' " See also *Pinedo* v. *United States* (9th Cir.) 347 F.2d 142, 148 (1965).

And in *United States* v. *Roland,* (4th Cir.) 318 Fed. 2d 406, 409 (1963) the court held: "Under Rule 32 of the Federal Rules of Criminal Procedure, a motion to withdraw a plea of guilty may ordinarily be made only before sentence is imposed or while imposition of sentence is suspended. Such motions before sentence should be allowed with great liberality, . . . ."

Writ of habeas corpus will issue to provide petitioner with the right to a jury trial consistent with the Vermont Constitution.

*The petitioner is remanded to the custody of the sheriff of Addison County, bail to be fixed by Addison County Court and trial of said cause be had on a plea of not guilty.*