The People of the State of Illinois, Plaintiff-Appellee, v. Thomas Cassiday, Defendant-Appellant.

Gen. No. 67–13.

Third District.

December 14, 1967.

Rehearing denied January 24, 1968.

Patrick Cawley, of LaSalle, and Anna R. Lavin, Edward J. Calihan, Jr., and James F. Ashenden, Jr., of Chicago, for appellant.

Howard C. Wampler, State's Attorney of Bureau County, of Princeton, for appellee.

PER CURIAM.

This is an appeal from a judgment of guilty on two counts of a three-count indictment charging a gambling offense in violation of 1965 Illinois Revised Statutes, chapter 38, §§ 28–1 and 28–3. Upon the pleas of guilty, the judgments were entered. The trial court found Count II to be multifarious with Count I and entered a judgment of acquittal on Count II. Following a setting of a hearing on aggravation and mitigation, defendant was sentenced on the first Count of the indictment as a recidivist to a term of one to three years in the Illinois State Penitentiary and fined $1,000. He was fined $500 on Count III.

A motion for a new trial and in arrest of judgment including a motion for leave to withdraw the plea of guilty and enter pleas of not guilty and to proceed to trial were denied. Appellant contends that the court erred in not permitting defendant Cassiday to withdraw his plea of guilty; that the trial judge should have disqualified himself when he interpreted the motion as an attack on his integrity; that defendant was not accorded procedural due process in imposing the sentence on him as a recidivist; and that the court erred in its findings that defendant had not presented good and valid defenses worthy of consideration by both the court and jury. The contention is also made that the penalty provisions of the section of the criminal code involved are unconstitutional.

The basic question before us arises from the facts and circumstances preceding the entry of the plea of guilty. The record discloses that on the basis of the complaint, a search warrant was issued and following its issuance a criminal complaint was filed charging defendant with a violation of the Illinois Criminal Code hereinabove re-

ferred to, i. e., keeping of a gambling device described as pool tabs, lottery tickets, tip boards and punchboards. Thereafter a superseding information was filed charging defendant with substantially the same offense. A second count charged him with keeping a gambling place. Following these actions, an indictment superseding the criminal complaint and the criminal information was returned framed in three counts supplementing the charges of the two-count criminal information with the third charge of keeping a gambling place at a place called the "Circus Lounge" in Spring Valley. Defendant made bond on the charges. He thereafter appeared with his counsel and entered pleas of not guilty to each of the three counts in the indictment and the cause was continued for the purpose of filing pretrial pleadings.

On November 29, 1966, defendant appeared with his counsel and moved to withdraw his plea of not guilty and his jury demand and asked leave to enter a plea of guilty to each of the counts. The court admonished the defendant that a person convicted of gambling could be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year or both and also that persons convicted of an offense under section 28–3 could be fined $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year or both and also that persons convicted of an offense under Section 28–3 could be fined $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year or both and for each subsequent conviction, such person could be fined not to exceed $1,000 or imprisoned in the penitentiary from one to three years or both. The court asked then if it was still the desire of the defendant to plead guilty knowing the penalty which the court could impose upon him and judgments of guilty on three counts were then imposed. The defendant was advised of his right to jury trial which he

waived and upon entry of judgment the court stated "Gentlemen, do you have anything in the way of aggravation or mitigation at this time or do you want the matter set down for a subsequent hearing?" Defendant agreed to proceed at the time and the State's attorney likewise agreed.

The State's attorney thereafter requested the court to take judicial notice of a previous criminal information for gambling ostensibly against defendant and of a case involving a conviction of Thomas Cassiday for the crime of attempted bribery. It was then stipulated in the record that Mr. Cassiday was the owner of the Circus Lounge referred to in Count III of the indictment and a one-story warehouse which were subjects of Counts I and II. Nothing further was offered by defendant or his counsel in way of mitigation except that the court take into consideration the fact of the guilty plea. The counsel for defendant made application for probation. The State's attorney thereupon made his recommendation that since this was the second conviction, the State's Attorney recommended that probation be granted but that probation be made conditional upon the Circus Lounge being closed for one year under the provisions provided as to a public nuisance. He recommended that the warehouse be made subject to inspection by any police officer or probation officer without notice and without a search warrant; that the probation not exceed six months; and that there be a maximum fine of $2,000. Counsel for defendant protested that it could not be considered a second offense but the State's attorney argued that it should because of the similarity of the language between the 1955 statute and the present statute but concluded that the People reiterate the recommendation for probation and asked that it be granted. The court then indicated it would take the matter under advisement and the cause was continued until December 6, 1966. On that date the court found that

Count I did constitute a repeated offense and found that Count II was duplicitous, denied the application for probation and sentenced defendant to a fine of $1,000 and imprisonment for a term of one to three years on Count I and a fine of $500 on Count III.

On December 29, 1966, defendant by his attorneys moved the court for a new trial in arrest of judgment including leave to withdraw the plea of guilty and enter a plea of not guilty to the charges of the indictment. It was specifically alleged that the pleas of guilty were not free and voluntary in that they were induced by promises and representations that an agreement or understanding had been concluded among the interested parties, the State's attorney, defense counsel and the court, that no incarceration would result from the entry of the guilty plea. This was supported by affidavits of defendant and his counsel. The affidavit of defendant referred to several meetings with the prosecutor prior to the defendant's engagement of counsel wherein they discussed the probable recommendations of the State should a plea of guilty be entered. He stated that no conclusion was reached because the prosecutor insisted on a six-month suspended sentence to which defendant was opposed. Defendant further stated that after engagement of counsel he was advised that in conversations between the prosecutor and his lawyer, the recommendation of the prosecutor remained unchanged and they concluded that he would enter a plea of not guilty because there were substantial and valid defenses going not only to the merits but to the search warrant and the indictment. Thereupon a plea of not guilty was entered.

Defendant states that thereafter defendant advised his counsel that the additional publicity of the pending case was becoming a severe burden to his aged mother with whom he lived. Defense counsel agreed to discuss the matter with the prosecutor and the judge to ascertain if a plea of guilty could be entered without involving any

incarceration. Four days later, his attorney phoned him advising him that an agreement had been reached that morning in the judge's chambers at a meeting between the State's attorney and himself and that on a plea of guilty a disposition would exclude any incarceration. Defendant asserted in his affidavit (which he repeated in his testimony) that the only reason he agreed to change his plea was his absolute belief and reliance on the statements of both his attorney and the prosecutor that the judge would follow the State's attorney's recommendation and he relied completely upon the representations of his counsel that in no event would there be any incarceration if he changed his plea. Counsel made a similar affidavit in effect and stated that in response to a query by the judge as to what defendant's position would be in regard to the recommendation, counsel for defendant stated that his client would be agreeable providing under no circumstances he be incarcerated for any of these charges. While there was no explicit statement that the judge agreed to follow such recommendation, both the prosecutor and defense counsel believed that the judge would follow the recommendation. He stated that if he had not believed that the recommendation would be followed, the court would not have allowed him to depart without warning that he would not be bound by the recommendation.

Defense counsel stated he advised his client in accordance with his beliefs that he would be sentenced as recommended. Defendant further asserted that he had good and valid defenses to the indictment including the invalidity of the search and his innocence of the charges on the indictment. He also stated that he was not advised by the court of the consequences of his plea. The State's attorney replied to the affidavit basically to the effect that the attorneys understood that the court was not required to follow the recommendation made. The State's attorney, in reply to a query by defendant's

counsel as to whether the judge would follow his recommendation, stated that although the prosecutor didn't feel the judge had made any commitment in the matter, his own experience was that the court usually followed the recommendations if it considered them reasonable in light of the circumstances. The State's attorney stated that in his personal opinion he felt that the recommendations were reasonable. He also stated that he informed both the defendant's attorney and the defendant that judges have usually followed the recommendations of the State's attorney if reasonable in light of the circumstances and that he felt the recommendation was within reasonable limits although the judge was not bound to accept the recommendation. There were other discussions on the subject between the prosecutor and defense counsel and the court which it is unnecessary to relate in detail. It is apparent that the court did not at any time declare to the defense attorney or defendant that he would follow the recommendation. The State's attorney, however, both in the record and in this court has indicated that no imprisonment had previously been exacted for a gambling charge in the area, and that he was surprised at the sentence imposed. He anticipated and reasonably expected that the court would follow the recommendation and that there would be no penalty of imprisonment imposed of any kind.

While permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the court, this judicial discretion should always be exercised in favor of innocence and liberty in the light of the preference that is shown by the law for a trial upon the merits by a jury (People v. Moore, 342 Ill 316, 174 NE 386). The court in the case of People v. Moore, supra, indicated that the refusal to grant leave for such a change of plea would be ruled an abuse of discretion when it appears that the plea of guilty was entered on a misapprehension of the facts or of the law; or in consequence of

a misrepresentation by counsel or the State's attorney or someone else in authority. The Supreme Court indicated that in such case the court should permit withdrawal of a plea of guilty and allow the accused to plead not guilty. In People v. Morreale, 412 Ill 528, 107 NE2d 721, the assistant State's attorney had urged defendant's counsel to ask for a continuance to plead guilty and promised he would not oppose probation and stated that defendant "couldn't get hurt." The court duly admonished defendant before accepting his plea of guilty. The State did not oppose probation, but it was denied. The Supreme Court in reversing with directions to enter a plea of not guilty indicated that while it was true that the trial court fully and properly admonished plaintiff in error of the consequences of his plea, it did not have the effect under the facts of the case of obliterating from the mind of the defendant the previous representations made to him. The same considerations are present in the case before us.

■ It is apparent that a number of discussions as to the disposition of the case were carried on in the presence of the court. It is clear that the court made no commitment as to the State's attorney's recommendations and that the court was in no manner responsible for defendant's misapprehension. Under the record, however, it is obvious that defense counsel and defendant were led to believe that if he pleaded guilty there would be no incarceration as a consequence. Both the State's attorney and defense counsel expected the court to follow the recommendations and it was clearly conveyed to defendant by his counsel and by the recommendations and statements of the State's attorney that the result of a plea of guilty would be probation and a fine of not to exceed $2,000. Under the peculiar facts and circumstances in this case, the plea which was entered could not have been said to have been a voluntary plea.

While we are reluctant to reverse the action of a trial court in denying a motion to withdraw plea of guilty

following admonition by the court, we do not perceive how the interests of the People could be adversely affected by permitting defendant to withdraw his plea of guilty and have his day in court (People v. Schraeberg, 340 Ill 620, 173 NE 348; People v. Clavey, 355 Ill 358, 189 NE 364. We feel that the ends of justice would be best subserved by permitting the withdrawal of the plea of guilty.

In view of our conclusion in the case we do not find it necessary to discuss the other matters which were presented by defendant on appeal in this cause. This cause will, therefore, be reversed and remanded to the Circuit Court of Bureau County with directions to vacate the plea of guilty and the judgment and sentence pursuant thereto and allow the withdrawal of the guilty plea and reinstatement of the not guilty plea by defendant and for other proceedings consistent with this conclusion.

Reversed and remanded with directions.