# In Re William Z. Parent

[218 A.2d 717]

June Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed July 30, 1965

*Chester Ketcham,* Deputy Attorney General, for the State.

*William Z. Parent* pro se.

**Per Curiam.** The petition for habeas corpus in this case alleges that the commitment is invalid because the petitioner was improperly sentenced. He claims, and the State concedes, that the court ordering his confinement set a maximum term but, contrary to the provisions of 13 V.S.A.§7031, set no minimum term. In fact, the trial court set an identical maximum and minimum term, which is acknowledged to be contrary to the spirit and intent of the statute, and is error.

This error does not require the discharge of the petitioner. The propriety of the conviction is not challenged. The error is in the sentence, and it may be corrected by remanding the petitioner to the custody of the sentencing court for imposition of a minimum term. *In re Harris,* 68 Vt. 243, 245, 35 Atl. 55. In that proceeding he is entitled to full credit for time already served, as against both maximum and minimum terms.

*Petition dismissed. The petitioner is released from imprisonment in the State's Prison and remanded to the custody of the sheriff of Windham County, who is authorized to detain him for imposition of a minimum sentence by the Brattleboro Municipal Court.*