# In re Howard H. Lamphere

[ 256 A.2d 29 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed June 17, 1969

*Douglas Richards, Esq.,* for the Petitioner.

*James M. Jeffords,* Attorney General, *Alan W. Cheever,* Assistant Attorney General, *Robert I. Tepper,* State's Attorney, and *Peter A. Cady,* Assistant State's Attorney, for the State.

**Holden, C.J.** This cause originated with the petitioner's handwritten application to the Rutland County Court for a writ of *habeas corpus.* After counsel was assigned to assist the petitioner, the application was amended to a proceeding to vacate his sentence of confinement under the provisions of 13 V.S.A. §§7131-7137. Hearing was granted and the petition denied.

■ When a hearing is granted in postconviction proceedings the statute requires the county court "to determine the issues and make findings of fact and conclusions of law with respect thereto." 13 V.S.A. §7133. The findings should be explicit on all material issues. See *Townsend* v. *Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 789.

The findings, as first presented to this Court, failed to meet this requirement. Accordingly, the cause was remanded with direction for further and more specific factual determination on the issues presented. Supplemental findings have been made and the cause recertified to this Court for further consideration.

Counsel for the petitioner filed exceptions to three of the supplemental findings. However, counsel for the State and the petitioner have declined the opportunity extended them to present further argument on the additional facts presented. Without reference to the findings objected to, the following facts are established.

The petitioner was arraigned in the district court at Rutland on May 10, 1966 on a charge of breaking and entering in the nighttime. He appeared without counsel. The court addressed the accused thoroughly and adequately concerning the nature of the complaint, his right to counsel, his right to a jury trial and the opportunity to have counsel assigned to represent him if he was without sufficient funds. The court further inquired if he understood the charge and the respondent indicated that he did. Upon being asked if he wanted counsel, he informed the court he would like to talk to a lawyer before making any statement and before pleading to the offense. The court entered a *pro forma* plea of not guilty and fixed bail in the amount of $2,000.

Joseph Kozlik, Esquire, of Rutland, was assigned to represent the petitioner and returned with him at his next appearance in court May 16. At that time the prior plea of not guilty was reaffirmed. On May 20 the petitioner reappeared before the district court with assigned counsel and asked leave to change his plea of innocence to one of guilty. The record indicates that the court directly inquired of the respondent: "Is this what you want to do, Mr. Lamphere?" He replied: "Yes, your honor." The plea was accepted and the case continued for presentence investigation.

On June 27, 1966 the petitioner was again before the court for the imposition of sentence. The state's attorney recommended a sentence of not less than ten nor more than fifteen years.

Counsel for the respondent immediately moved to withdraw the plea of guilty. The court inquired for what reason and the accused spontaneously asserted he had been "double-crossed." After indicating it would let the respondent's attorney speak for him, the court granted defense counsel's request for time to prepare a written motion to withdraw the plea of guilty.

As to this, the lower court has found that—"* * * during a recess immediately following the request for time to prepare a formal motion to withdraw the guilty plea, the petitioner's counsel after discussion with the Rutland County State's Attorney entered into an agreement that if the petitioner did not file any formal motions to withdraw his guilty plea, that the Rutland County State's Attorney would withdraw his previous recommendation and would make no further recommendation as to sentence."

Later that same afternoon the court reconvened. In the presence of the respondent and his counsel, and with the court's permission, the state's attorney formally withdrew his previous recommendation as to the sentence.

The lower court determined, and the petitioner personally conceded that at all times he was properly and efficiently represented by counsel during the proceeding in the district court. At no time prior to sentencing did the respondent cause a formal motion to withdraw his plea of guilty to be filed with the court. On these facts the court concluded its findings with the statement that it "is satisfied that the plea of guilty entered on behalf of the respondent was not a coerced plea but one made knowingly and voluntarily with the advice of counsel." This ultimate determination has not been questioned by the petitioner's exceptions.

■ Apart from the findings that were subject to exception, the unchallenged facts support the judgment denying postconviction relief. Those findings to which the petitioner voiced objection were subject to conflicting and opposing inferences in the evidence presented. They are subordinate to the issues resolved by the findings that are not contested. And any conflicts in the evidence were properly settled by the county court, as trier of the facts. 12 V.S.A. §2385; *Smith* v. *Lentini*, 125 Vt. 526, 528, 220 A.2d 291; *Little* v. *Little*, 124 Vt. 178, 182, 200 A.2d 276.

■ It is the first requirement of a judgment by confession that the plea of guilty be voluntarily entered with full understanding of its

consequences. These constitutents should be confirmed in the record of conviction. *Boykin* v. *Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (June 2, 1969). And if a plea is unfairly obtained through ignorance, fear or misunderstanding, it is open to collateral attack. *Machibroda* v. *United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, 478; *In re Newton,* 125 Vt. 453, 459, 218 A.2d 394; see also, *In re Garceau,* 125 Vt. 185, 187, 212 A.2d 633.

We see no occasion here to analyze in depth the complex consideration involved in the practice of plea discussions and concessions. We have recognized that vital interests of the State and the accused are at stake. *In re Garceau, supra,* 125 Vt. at 187, 212 A.2d 633. And when the court is informed that the plea has been subject to or influenced by prior discussions and agreement on the part of the prosecutor and defense counsel, before plea is ·accepted the accused should be addressed personally to advise him that the concessions of the prosecuting attorney are not binding on the court. It should appear from in-court inquiry that the plea has not been inadvisedly induced by unjustified assumptions on the part of the respondent. We deem this to be essential to the court's function to safeguard the public interest and, at the same time, protect the respondent against unfair disadvantage. See Approved Draft, 1968, Minimum Standards For Criminal Justice, Pleas of Guilty, §§1.5, 3.1 and Commentaries.

In the instant case it is apparent that a misunderstanding developed on the part of the accused and his counsel before sentence was imposed concerning the proposed recommendation of the prosecutor. The state's attorney conceded as much in withdrawing his recommendation.

It is equally clear from the record that as soon as the misunderstanding developed the court afforded the accused adequate opportunity to change his plea and stand trial. That opportunity was relinquished.

When court reconvened the State withdrew its previous recommendation. The court pointed out that a recommendation by the State concerning sentence was not required in any case. The judge noted for the record in the case at hand that the prior recommendation by the state's attorney would not be considered. With this, counsel for the respondent was called upon. In the presence of his client, Mr. Kozlik explained: "In the light of the circumstances we again discussed this matter and we were then satisfied the State's Attorney would with-

draw his recommendation and leave all matters before the Court as it stands."

Counsel then proceeded to plead for leniency in behalf of the respondent. After reference to the petitioner's record of prior convictions a sentence of five to nine years was imposed.

At the postconviction hearing the petitioner was asked if he raised any question at all about the competency of his attorney in the Rutland District Court. He replied—"None whatsoever, I think he is one of the best in the State."

The petitioner contends his conviction should be vacated within our holding in *In re Newton*, 125 Vt. 453, 218 A.2d 394. The facts presented here fall far short of the ambit of that decision. There was a suggestion by the court itself of concurrence in the State's proposal for a suspended sentence. When the court was later persuaded to a harsher penalty the accused timely requested leave to withdraw his plea of guilty and stand trial. The court denied the requests and imposed sentence to confinement. We held the denial of the petitioner's request for an opportunity to present his defense in a trial by jury invaded a right protected by the Vermont Constitution. *In re Newton, supra,* 125 Vt. at 459, 218 A.2d 394.

In the case now before us that right was fully safeguarded with ample opportunity afforded the petitioner to assert it. The petitioner was present with counsel whose competence he has avowed. With that assistance, his acquiescence and approval, in allowing his plea of guilty to stand, hold him to its consequences. *In re Garceau,* 125 Vt. 185, 187, 212 A.2d 633; *In re Southard,* 125 Vt. 405, 408, 217 A.2d 49; *In re Baldwin,* 127 Vt. 473, 252 A.2d 539, 542.

*Judgment affirmed.*