## In re Neal R. Bashaw

[278 A.2d 752]

No. 45-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed May 25, 1971

*David F. Buckley,* Bellows Falls, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Martin K. Miller,* Assistant Attorney General, for the State.

**Per Curiam.** The petitioner sought post conviction relief in Windsor County Court. His *pro se* petition is entitled an "Application for Writ of *Habeas Corpus.*" The procedure available to the petitioner is not governed by his choice of labels. See *Smith* v. *Bennett,* 365 U.S. 708, 712, 81 S.Ct. 895, 6 L.Ed. 2d 39 (1961). His allegations bring his petition within the procedure and remedy afforded by 13 V.S.A. §§ 7131–7137. Our review is governed by the same direction.

A hearing on the petition was denied on the grounds that the petition, on its face, failed to set forth any facts justifying a hearing. This is appropriate under the statute, 13 V.S.A. § 7133, provided that the motion itself, "and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." The ruling is here for review.

The petitioner sets out several issues in his petition warranting attention and adjudication, after appropriate fact finding. See *In re Lamphere*, 127 Vt. 604, 605, 256 A.2d 29 (1969). All relate, in various ways, to his constitutional right to trial by jury under the provisions of Articles 10 and 12 of Chapter I of the Vermont Constitution. He alleges he was tried by an eleven man jury without his personal consent; that his attorney waived, without right or authority, a jury of twelve; and, further that no such waiver can constitutionally be made by either or both of them, and certainly not orally. He further claims that the jury was empanelled in July, then allowed to separate for an impermissible length of time before trial commenced in August.

█ These claims now stand as unimpeached allegations as to their facts, and unchallenged as to their law, since the petition was dismissed prior to any requirement for responsive pleadings on the part of the state. In the absence of any other concern, the matter should have moved at least as far as requiring the state to answer, and then, if the unresolved issues required, on to hearing, findings, conclusions of law and judgment. Effective review of the issues requires such steps.

█ Where summary action is undertaken, proper implementation of the statutory purpose requires the court to support its ruling by stating the conclusions of law upon which it predicates its action. Although such a statement is not before us in this case, the *mittimus* attached to the petition suggests the probable basis for the refusal of relief. If so, the suggestion of the *mittimus* is not enough to conclusively demonstrate that the petitioner is entitled to no relief within the provisions of 13 V.S.A. § 7133, *supra*.

The petitioner was sentenced, on this conviction, to a term to be served concurrently with time to be spent under another,

separate sentence. For a number of years, post conviction relief in Vermont operated under traditional *habeas corpus* law. The rule of *McNally* v. *Hill*, 293 U.S. 131, 79 L.Ed. 238, 55 S.Ct. 24 (1934), was our rule, that is, if the issuance of the writ would not accomplish release from confinement, the writ would not issue. See *In re Parent*, 125 Vt. 475, 218 A.2d 717 (1965). That is, of course, the prospect here.

■ But the *McNally* rule is no longer applicable. First, the enactment of the post conviction relief statute, 13 V.S.A. § 7133, enlarged the remedy beyond mere release. The prisoner may be released, retried or resentenced, as is appropriate under the facts and law applicable to his petition. Furthermore, the *McNally* case itself was specifically overruled in *Peyton* v. *Rowe*, 391 U.S. 54, 20 L.Ed.2d 426, 88 S.Ct. 1549 (1968).

■ So, in this state, it is now the law that post conviction petitions require consideration even where release from confinement is not one of the possible dispositions under the issues presented. In order that responsive pleadings may be filed and issue joined, this matter will be sent back to the county court.

*The order denying the petition is reversed and the cause is remanded.*