## State of Vermont v. Gerald Blondin

[290 A.2d 36]

No. 99-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 6, 1972

*James M. Jeffords*, Attorney General, *Fred Parker*, Deputy Attorney General, and *Kimberly B. Cheney*, State's Attorney, for the State.

*Karl W. Neuse*, Middlebury, for Defendant.

**Daley, J.** On June 27, 1969, the appellant was indicted by a Washington County Grand Jury for the crime of murder in the first degree in connection with the fatal shooting of Robin Farnham. The appellant entered a plea of not guilty to the indictment.

On motion of the accused a change of venue was granted, and trial was commenced in Addison County Court upon the indictment. After four days of trial the accused personally entered a plea of guilty to second degree murder, a lesser offense included in the indictment. Throughout all this time the accused was represented by counsel at all stages of the proceedings.

Judgment of guilty was entered on the plea, a presentence report completed and on December 30, 1970, the appellant was sentenced to the state prison to serve a maximum sentence of thirty years. No minimum sentence was imposed. No appeal was taken from the judgment or sentence.

On March 16, 1971, appellant filed a motion to vacate the sentence and judgment in the Addison County Court employing the post conviction statutes, 13 V.S.A. §§ 7131–7137. Coun-

sel was assigned and the court heard the motion. The court denied the motion, without making findings, based upon a consideration of the files and records of the case. The appellant has appealed from the decision of the Addison County Court to this Court.

Appellant, through his motion to vacate, has raised three issues: (1) Did the court properly explain the nature of the crime of second degree murder and the consequences of a plea of guilty to such a charge; (2) The failure of the trial court to indicate upon the record a basis in fact for the entry of judgment upon the plea; and (3) The failure of the court to afford *allocutus*. The appellant contends such a failure constitutes a denial of due process requiring vacation of the plea, judgment, and sentence.

At the hearing on the motion to vacate, neither the appellant nor the state introduced any evidence. Both parties relied on oral argument, and the record made at the time of appellant's plea of guilty and that made at the time of sentencing. In this case the issues raised by the appellant cannot be fully determined from a review of the files and record of the case.

The seriousness of the charge to which the appellant entered a plea of guilty coupled with the allegations made in the motion to vacate when viewed in light of the record presented compel us to require compliance with the doctrine stated by this Court in *In re Lamphere,* 127 Vt. 604, 256 A.2d 29 (1969). As was stated by then Chief Justice Holden in *In re Lamphere, supra,* 127 Vt. at 605:

> "When a hearing is granted in postconviction proceedings the statute requires the county court 'to determine the issues and make findings of fact and conclusions of law with respect thereto.' 13 V.S.A. § 7133. The findings should be explicit on all material issues. See *Townsend* v. *Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, 789."

The judgment of the Addison County Court which denied appellant's motion to vacate brought under the provisions of 13 V.S.A. §§ 7131–7137 will be vacated, the cause will be returned for further evidentiary hearings upon all the issues raised by appellant's motion. The Addison County Court shall

by findings of fact and conclusions of law made thereon determine whether or not appellant's plea was knowingly, willingly, and voluntarily made as a result of an intelligent choice based upon an understanding of the nature of the charge and its consequences. It shall also determine, in the same manner, the existence or the nonexistence of a basis in fact for the entry of judgment of guilty upon appellant's plea.

If a transcript of the trial which terminated upon appellant's plea of guilty is deemed necessary by the court or either party, the same shall be immediately procured. Hearings shall be held at the earliest opportunity, and judgment rendered accordingly.

*Judgment order in this proceeding is vacated and cause remanded.*