## In re John Edward Shequin

[300 A.2d 536]

No. 126-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Langrock & Sperry*, Middlebury, for Plaintiff.

*Patrick J. Leahy*, State's Attorney, for the State.

**Shangraw, C.J.** On July 11, 1967, John Edward Shequin, a minor, through his guardian *ad litem*, entered a plea of guilty to a charge of second degree murder in the Chittenden County Court. He was initially charged with first degree murder. Mr. Shequin was sentenced on July 27, 1967, to serve not less than 35 years, nor more than 40 years, in the Vermont State Prison in Windsor, Vermont. At all times he was represented by competent counsel. His mother, Ethel Shequin Machia, was appointed and served as his guardian *ad litem*.

On or about January 24, 1972, defendant Shequin brought a petition for post-conviction relief to the Chittenden County Court under the provisions of 13 V.S.A. §§ 7131–7133 on the ground that his mother was incompetent to act as his guardian *ad litem*.

On February 8, 1972, the petition for post-conviction relief was brought on for hearing by the Chittenden County Court. A further hearing was held on March 20, 1972. During this interval the defendant filed in the above court a motion for modification of the sentence.

In support of the motion for a modification of the sentence the good behavior of the respondent was alleged, and attention called to the fact that in the 1969 Adjourned Session of the Legislature, 13 V.S.A. § 7031 was amended by Act No. 182 permitting an indeterminate sentence. The defendant requested that the minimum sentence of 35 years be struck and allow the Corrections Department to exert control over him for the remainder of the sentence up to the maximum of 40 years.

Following hearings on the petition for post-conviction relief, as well as defendant's motion for a modification of the sentence, findings of fact, conclusions, and an order issued bearing date June 14, 1972.

In denying post-conviction relief the court found, *inter alia*, that:

> "The defendant has failed to show by the required burden of proof that his mother was incompetent to act as his guardian *ad litem*."

However, the court, by its order, did amend the defendant's sentence to read:

> "The defendant, John E. Shequin, is hereby sentenced to serve not less than ten years, nor more than forty years, in the State Prison at Windsor, Vermont."

On the issue of the alleged incompetency of the mother, Ethel Shequin Machia, to act as guardian *ad litem* for her son, the court made the following findings:

> "3. The defendant's mother was appointed guardian *ad litem* on February 1, 1967. During the period defendant's mother was acting as his guardian *ad litem,* she was being treated for psychiatric problems arising out of marital difficulties, and was receiving medication, such as tranquilizers and mood elevators. Prior to her appointment as guardian, the defendant's mother had

been hospitalized due to nervous exhaustion and related problems.

4. The defendant had been indicted on a charge of first degree murder, and had discussed the facts of the case with his mother prior to entering a plea of 'guilty' to second degree murder.

5. At all times material, the defendant and his mother relied on the advise [*sic*] of defendant's counsel. No evidence was presented to suggest that the advise [*sic*] of counsel was in any way improper. Defendant's guardian was not forced to accept the advise [*sic*] of counsel against her own judgment."

On July 11, 1972, counsel for the defendant presented to the court a waiver or petition to enter a plea of guilty to murder in the second degree. Prior to the acceptance of the plea the trial court very carefully and fully inquired of the defendant as to whether he was satisfied with his counsel; whether he was satisfied that all of the matters relating to a guilty plea to the offense and the maximum and minimum sentences connected therewith had been explained to him; whether he understood the nature of the penalty to be imposed by the court; whether by pleading guilty he was so doing of his own free will and without coercion; and also as to whether he had gone over the matter of waiver with his counsel and guardian *ad litem*. To the foregoing inquiries defendant unqualifiedly answered in the affirmative.

The waiver or petition contained the signatures of the defendant and the guardian *ad litem*. Upon inquiry by the court, the guardian *ad litem* acknowledged that it was in accord with her wishes and understanding of the nature of the offense and consequences of a plea of guilty by her son. She also acknowledged that counsel for her son had assisted him in every way possible under the circumstances. All representations contained in the waiver were affirmed by her. The waiver was ordered filed and the court entered a plea of guilty to murder in the second degree.

From a review of the record in the case we are satisfied that the plea of guilty to second degree murder was voluntarily entered with full understanding of its consequences by

the defendant as well as by his guardian *ad litem. In re Lamphere,* 127 Vt. 604, 606, 607, 256 A.2d 29 (1969). We find no occasion to disturb the conclusion and order of the court in its determination that the defendant had failed to show by the required burden of proof that his mother, Ethel Shequin Machia, was incompetent to act as his guardian *ad litem.* This result is supported by the record.

Before the court can grant post-conviction relief, it is required by statute to find ". . . that the judgment was made without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to make the judgment vulnerable to collateral attack." If the court so determines, "it shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 13 V.S.A. § 7133.

The appellant, State of Vermont, urges error on the part of the lower court in reducing the minimum sentence of the defendant. Neither party questions that the sentencing court had jurisdiction to enter the judgment and that the sentence imposed was authorized by law.

Under the post-conviction statute, 13 V.S.A. § 7133, the court, following a hearing, is required to determine the issues and make findings of fact and conclusions of law with respect thereto.

As applied to the reduction of the minimum sentence, the findings are limited to the following:

"6. Since the defendant was sentenced, the laws of Vermont pertaining to sentencing have been amended, and now the courts of this State are no longer required to issue a minimum sentence in a case of this kind. The increasing use of the zero minimum sentence has greatly enhanced the effectiveness of the parole process.

7. In this case the Board of Parole would recommend a zero minimum sentence if the defendant is to be considered for resentencing. Since the defendant has already

serp served five years, the Board of Parole recommends, in the alternative, a reasonable shortened minimum."

In concluding that defendant's minimum sentence should be reduced to not less than ten years, the court referred to the American Bar Association Standards Relating To Sentencing Alternatives and Procedures, Section 3.2 (c) (ii) and (iii) Approved Draft, 1968, recommending that minimum sentences as long as ten or fifteen years should be strictly confined to life sentences, and that courts should not be authorized to impose a minimum sentence which exceeds one-third of the maximum sentence actually imposed.

In its conclusions the court continued by stating:

"In light of these standards and the Legislative changes relating to sentencing since the defendant was sentenced by the Chittenden County Court, this Court concludes that defendant's minimum sentence should be reduced to not less than ten years."

The recommended standards of the American Bar Association relating to shorter minimum sentences referred to in the court's "conclusions" are without the force of law in this State and should not have influenced the court's reduction of the minimum sentence in this case.

The foregoing findings do not meet the criterion set out in 13 V.S.A. § 7133. The fact that the law of Vermont no longer requires the court to issue a minimum sentence in a case such as this does not mean that this new statute applies to a sentence imposed before this law came into effect. Moreover, the existing law still allows the court to set a minimum sentence. 13 V.S.A. § 7031. The policy towards sentencing has only changed since the defendant was first sentenced.

■ The general rule is that a court does not have the power to modify a sentence after the term of the court has expired and execution of sentence has begun, unless the sentence was somehow invalid or improperly imposed. See 24 C.J.S. *Criminal Law* §§ 1589, 1590; 21 Am.Jur.2d *Criminal Law* § 571. The exception to this general rule, which recognized the court's power to correct an error in judgment, is expressed in Vermont law, 13 V.S.A. §§ 7131 *et seq.*

Unlike some states, the Vermont Legislature has provided no tribunals for a general review of sentences.

 In applying for a reduction of the minimum sentence, the defendant does not contend that his sentence was unauthorized by law. Rather, in view of his capacity for rehabilitation as judged by the Board of Parole, and in view of his youth and other circumstances unique to his particular situation, it is claimed that his minimum sentence was inappropriate even though authorized by law. He therefor urges that the sentence is open to collateral attack under the provisions of 13 V.S.A. § 7133. In so doing, it is his contention that the "open to collateral attack" provision can only be read as giving courts the additional power to correct a legally authorized sentence which, with hindsight, turns out to have been inappropriate. In substance, defendant claims that the court made an error in judgment by imposing a 35 year minimum sentence. In this light, it cannot be successfully claimed that the sentence imposed constituted a judicial error as contemplated under the provisions of 13 V.S.A. § 7133.

Defendant contends that the case law interpreting the post-conviction relief statute supports his contention that the statute authorizes a reviewing court to modify an inappropriate sentence. We have no quarrel with the defendant on this point provided the error comes within the ambit of 13 V.S.A. § 7133.

In support of his claim, the defendant cites *In re Provencher,* 127 Vt. 558, 255 A.2d 180 (1969) ; *In re Bashaw,* 129 Vt. 393, 278 A.2d 752 (1971) ; and *In re Clark,* 127 Vt. 555, 255 A.2d 178 (1969). In the *Provencher* case, *supra,* the issue was whether a defect otherwise subject to waiver by a plea of guilty could be tested under the post-conviction relief statute. Despite the apparent waiver the court held that post-conviction review may be had "where the manifest wrong or injustice in the situation overbears any justification for relying on rules giving binding jural significance to the failure to press a legal issue."

In the instant case, there is no defect. The severity of a sentence is not a procedural technique. Here it does not run

to the validity of the judgment and thus, the *Provencher* case, *supra,* is not applicable.

The *Bashaw* case, *supra,* merely points out the options open to the court under the provisions of 13 V.S.A. § 7133, and that release is no longer the only remedy in appropriate cases.

Defendant also cites the *Clark* case, *supra,* as authority for resentencing on post-conviction relief. In that case it was held that "mere errors or irregularities not reaching 'constitutional dimension' . . . will not vitiate the conviction . . . but may give rise to appropriate corrective action, if required."

■ The foregoing cases do not control here. No error is claimed or demonstrated in the original sentence which conformed to the statute in force at the time sentence was imposed. The post-conviction relief statutes, 13 V.S.A. §§ 7131 *et seq.,* are not intended as general sentence review statutes. They do not permit a successful attack on a valid sentence. No error in the sentence initially imposed by the court has been demonstrated. The court was without authority to amend the sentence of the defendant.

*The order of the lower court denying relief on the claim that the guardian ad litem was not competent to act for the defendant is affirmed. The amended sentence is reversed and set aside. Defendant stands committed on the original sentence imposed by the Chittenden County Court on July 27, 1967.*

**Barney, J.** (In dissent). I am moved to disagree with the majority of the Court only upon a most limited issue. I agree that no general function of reviewing legally imposed sentences has been statutorily assigned to this Court. My disagreement comes from my view that there are several sound justifications for saying that this case merits relief outside of the general concept of sentence review.

To begin with, the statute involved, 13 V.S.A. § 7133, is broadly written to permit the correction of a broad spectrum of improprieties associated with a criminal conviction. Sec-

tion 2.1(a)(iv) of the American Bar Association Standards Relating to Post-Conviction Remedies, provides:

". . . that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, where sufficient reasons exist to allow retroactive application of the changed legal standard."

As the majority opinion points out, a significant and substantive change in sentencing and correctional policy was made part of our law some two years after sentence was imposed on the respondent in this case. See No. 182 of the Public Acts of 1969 (Adj. Session). Although this amendment to 13 V.S.A. § 7031 did not abolish minimum sentences, it did press for the use of low or no minimums for rehabilitation purposes. Just as the policy concerns of the American Bar Association Standards are not binding on this Court, the amending action of the legislation does not justify a general review of minimum sentences. But I find more to this case than that.

We have a finding by the reviewing court that a reduced minimum is desirable. It is factually supported by a recommendation for reduction from the Board of Parole. Thus, if legally sustainable, the reduction has sound factual support. Added to this is the persuasive justification, as logic, of the quoted A.B.A. Standard and the legislative reform. While not binding in the legal sense, I find in them strong philosophical support for relief as granted below in this case.

As a final consideration, equally strong, I find the nature of the original sentence imposed itself justifies review and modification. A minimum of thirty-five years as applied to a sentence of forty years, it seems to me, brings maximum and minimum so close together, in the light of the length of the sentence, as to come substantively close to imposing identical maximum and minimum sentences. This has already been held to be improper in *In re Parent*, 125 Vt. 475, 218 A.2d 717 (1965).

*I would affirm the judgment below.*