## State of Vermont v. Gregory R. Boyer

[481 A.2d 15]

No. 83-003

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 6, 1984

Mandate Stayed April 25, 1984; Dissolved August 27, 1984.

*Deborah O. Frankel,* Chittenden County Deputy State's Attorney, and *James Carroll,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*McNamara & Fitzpatrick, Inc.,* Burlington, for Defendant-Appellant.

**Per Curiam.** Defendant appeals from a review of his sentence by the Chittenden District Court, which resulted in a new sentence imposing increased jail time. 13 V.S.A. § 7042(b).

Following pleas of nolo contendere on September 13, 1983, the court convicted the defendant of careless and negligent operation of a motor vehicle, 23 V.S.A. § 1091(a), and of attempting to elude a police officer, 23 V.S.A. § 1133. On the same day, he received a suspended sentence, except for fifteen days, and a fine of $250 for these two offenses.

On September 14, 1983, one day after sentencing, the State

moved for reconsideration of the sentence under 13 V.S.A. § 7042(b), which provides:

> (b) A state's attorney or the attorney general, within seven days of the imposition of a sentence, may file with the sentencing judge a motion to increase, reduce or otherwise modify the sentence. This motion shall set forth reasons why the sentence should be altered. After hearing, the court may confirm, increase, reduce or otherwise modify the sentence.

The State and the court were unaware at the time of sentencing that a prior conviction of defendent for driving under the influence had resulted in a fatality.

Before the hearing on the State's motion, defendant began serving his sentence; he served four consecutive weekends before he was eventually resentenced. The revised sentence required sixty to ninety days to serve on one count and four to six months to serve on the other. The sentences were to be served concurrently. The fine was revised to $350.

On appeal, the defendant argues (1) that the trial court had no authority or jurisdiction to increase his sentence once he had begun serving it; and (2) that the resentencing violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. We find no error and affirm.

In support of his first argument, defendant relies on *State v. Harbaugh*, 132 Vt. 569, 326 A.2d 821 (1974), and *In re Shequin*, 131 Vt. 111, 300 A.2d 536 (1973). As the State correctly points out, however, those cases are not controlling in the instant case. *Shequin* involved a collateral attack on sentences under Vermont's post-conviction relief statute, 13 V.S.A. §§ 7131–7137, and *Harbaugh* involved a reduction in sentence apparently on the court's own motion. This case involves a review of sentence under 13 V.S.A. § 7042(b). At the time of both *Harbaugh* and *Shequin*, § 7042(b) was not in effect, nor was there any general legislative authority to review sentences. This very point was noted in both *Harbaugh, supra,* 132 Vt. at 580, 326 A.2d at 827, and *Shequin, supra,* 131 Vt. at 117, 300 A.2d at 539. Thus, those cases are not controlling.

At oral argument, both parties agreed that a ruling by a trial court under § 7042(b) is discretionary. We are convinced

that there was no abuse of discretion when the court increased defendant's sentence after a hearing and presentence investigation report on the motion.

Given the specific grant of authority by the Legislature in § 7042(b), and proper exercise of discretion by the court below, we hold that the court had authority and jurisdiction to reconsider and revise defendant's sentence under 13 V.S.A. § 7042(b).

Similarly we find no violation of defendant's protection against double jeopardy in this case. Observing that the United States Congress had passed legislation allowing the government to seek review of a sentence, 18 U.S.C. § 3576, the United States Supreme Court held that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *United States* v. *DiFrancesco*, 449 U.S. 117, 137 (1980). *DiFrancesco* controls this case, and we find no violation of double jeopardy under these circumstances.

*Affirmed.*