NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 42

No. 2018-271

| | |
|---|---|
| Stephan Palmer, Sr. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Mark Furlan and State of Vermont | May Term, 2019 |

Mary Miles Teachout, J.

David J. Williams of Jarvis, McArthur & Williams, Burlington, for Plaintiff-Appellant.

Robert G. Cain of Paul Frank + Collins P.C., Burlington, for Defendant-Appellee Furlan.

Thomas J. Donovan, Jr., Attorney General, and David R. Groff, Assistant Attorney General, Montpelier, for Defendant-Appellee State.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **SKOGLUND, J.** In this matter, the trial court entered summary judgment on behalf of appellee, Attorney Mark Furlan. Appellant, Stephan Palmer, Sr., appeals this order, arguing that the trial court erred when it determined that appellant's claim failed as a matter of law on causation grounds. We conclude that summary judgment was appropriate and affirm.

¶ 2. Appellant, while incarcerated, filed a petition for postconviction relief (PCR). Attorney Furlan, an ad hoc public defender, was assigned to represent appellant in the PCR proceedings. The petition was litigated until the parties agreed to settle, arriving at a proposed stipulation to modify appellant's sentence. The stipulation did not address the merits of the PCR claim. Attorney Furlan filed the stipulation motion with the PCR court on November 16, 2015. Two days later, the PCR court entered an order stating that it "will hold a status conference with

counsel for the parties before entering a decision and order." The next day, the court clerk issued a notice of hearing at the PCR court's direction, scheduling the status conference for December 17. The status conference was held as scheduled. Six days later, on December 23, the PCR court granted the parties' stipulation motion—the entry order was immediately emailed to the criminal division; the criminal division issued an amended mittimus to the Commissioner of Corrections the same day; and the following day, the Department of Corrections received the amended mittimus and recalculated appellant's sentence in accord with the PCR court's order amending the sentence. Appellant was released from incarceration on December 24.

¶ 3. Appellant then filed a civil action against Attorney Furlan,[1] alleging legal malpractice. As framed by appellant, the negligence alleged in this case is as follows. Attorney Furlan filed the stipulation with the PCR court in a timely manner. However, the stipulation on its face did not make clear that the sentence modification would result in appellant's immediate release from prison upon approval by the PCR court and amendment of the mittimus by the criminal division. Not knowing that immediate release was at stake, the PCR court took more time than it would have otherwise in scheduling a hearing and approving the stipulation. Although the PCR court ultimately did approve the stipulation which led to appellant's release, appellant characterizes the length of incarceration between when he posits he would have been released if Attorney Furlan had more aggressively attempted to get the PCR court to act in an expedited manner and when he was actually released as wrongful and the basis for his damages.

¶ 4. After discovery, Attorney Furlan moved for summary judgment on the grounds that: (1) Attorney Furlan was statutorily immune from appellant's claims under 13 V.S.A. § 5241;

---

[1] Appellant also filed suit against the State of Vermont, on the theory that "[b]y the terms of 13 V.S.A. § 5241(b), the State of Vermont is liable for any and all damages related to [Attorney] Furlan's negligence." The State filed a pre-answer motion to dismiss, based upon a sovereign-immunity defense. The trial court granted the State's motion, holding that there was no cognizable claim against it. Appellant did not appeal the order dismissing the State from the case, and therefore the State is not a party to this appeal.

(2) Attorney Furlan lacked the authority to require the PCR court to expedite the stipulation motion; (3) Attorney Furlan had no legally cognizable duty to require the PCR court to expedite the stipulation motion; (4) appellant could not establish a causal link between the alleged breach of duty and appellant's claimed damages; and (5) appellant could not establish that he was "wrongfully incarcerated and unlawfully deprived of his liberty," and, as such, could not prove damages.

¶ 5.     The trial court granted Attorney Furlan's motion for summary judgment.[2] Accepting for the sake of argument that appellant satisfied both the duty and breach elements of his negligence claim—that Attorney Furlan had some obligation to attempt to speed up the PCR court's actions and that he failed to do so—the trial court concluded that appellant's negligence "claim nevertheless fails as a matter of law on causation grounds."  It reasoned that appellant's "prediction, and his expert's supposition, that any reasonable trial judge would have advanced the case on the docket in these circumstances (much less approve the stipulation) is simply speculation about how judges make decisions and what decisions they reasonably would have made in these circumstances."

¶ 6.     On appeal, appellant argues that this Court should recognize a presumption that Vermont judges will comply with Vermont's Code of Judicial Conduct Canon 3(B)(8)'s requirement that they "dispose of all judicial matters promptly, efficiently and fairly."  A.O. 10 § 3.  And, by recognizing this presumption and applying it to this case, appellant argues that the record supports reversal because: (1) the PCR court ultimately approved the stipulation motion; and (2) "any reasonably competent and conscientious Vermont judge would have done so as soon

---

2  The trial court briefly addressed Attorney Furlan's claim of immunity but did not grant the motion on that basis.  Because we affirm the trial court's order on causation grounds, we need not address Attorney Furlan's alternative claim of immunity.  See, e.g., Town of Rutland v. City of Rutland, 170 Vt. 87, 92 n.1, 743 A.2d 585, 589 n.1 (1999) (affirming trial court's order on one ground and therefore concluding that this Court need not reach trial court's second ground).

as [they were] aware of its implications, i.e., that [a]ppellant would have been eligible for immediate release."

¶ 7.    "In reviewing [appellant's] appeal of this summary judgment ruling, we apply the same standard as the trial court; we will uphold the court's ruling if no genuine issue of material fact exists and [Attorney Furlan] is entitled to judgment as a matter of law." Ziniti v. New Eng. Cent. R.R., 2019 VT 9, ¶ 14, __ Vt. __, __ A.3d __.  This Court "must view the pleadings and affidavits in the light most favorable to the nonmoving party, [but] the nonmovant bears the burden of submitting credible documentary evidence or affidavits sufficient to rebut the evidence of the moving party." Ainsworth v. Chandler, 2014 VT 107, ¶ 8, 197 Vt. 541, 107 A.3d 905 (quotation omitted).  Furthermore, "a party may not rest on the allegations in its pleading[s]" but must set forth specific facts showing that there is a genuine issue for trial. Creaser v. Bixby, 138 Vt. 582, 583, 420 A.2d 102, 103 (1980); see also V.R.C.P. 56(a).

¶ 8.    To succeed in a negligence claim, a plaintiff must establish all four required elements: "a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 14, __ Vt. __, __ A.3d __ (quotation omitted).  "[C]ausation requires both 'but-for' and proximate causation." Collins v. Thomas, 2007 VT 92, ¶ 8, 182 Vt. 250, 938 A.2d 1208.  "But-for" causation "requires a showing that the harm would not have occurred 'but for' the defendant's conduct such that the tortious conduct was a necessary condition for the occurrence of the plaintiff's harm." Ziniti, 2019 VT 9, ¶ 15 (quotation omitted).  Proximate cause, on the other hand, "requires a showing that the defendant's negligence was legally sufficient to result in liability in that the injurious consequences flowed from the defendant's conduct and were not interrupted by some intervening cause." Id. (quotation omitted).  And, "[a]lthough proximate cause 'ordinarily' is characterized as 'a jury issue,' it may be decided as a matter of law where 'the proof is so clear that reasonable minds cannot draw different conclusions or where all

reasonable minds would construe the facts and circumstances one way.' " Collins, 2007 VT 9, ¶ 8 (quoting Estate of Sumner v. Dep't of Soc. & Rehab. Servs., 162 Vt. 628, 629, 649 A.2d 1034, 1036 (1994) (mem.)).

¶ 9. We conclude that, even if we were to accept for the sake of argument that appellant had established that Attorney Furlan was under a duty to ask the PCR court to expedite its consideration of the parties' stipulation motion and that Attorney Furlan had breached said duty, appellant's negligence claim fails as a matter of law because he has not established that Attorney Furlan's alleged breach was the proximate cause of his alleged damages. Although we have the benefit of hindsight in this matter and know that the PCR court ultimately granted the parties' stipulation motion,[3] to conclude any differently would require this Court, and the trial court, to speculate as to "how judges make decisions and what decisions they reasonably would have made in these circumstances." Appellant has not proffered any evidence to establish that the PCR court would have, had Attorney Furlan proposed an expedited timeline due to the case's circumstances, moved the hearing to an earlier date or rendered a speedier decision. Aside from the "opinion letter" and affidavit from appellant's purported expert,[4] appellant's alternative timeline is based in speculation and supposition, rather than specific facts.

¶ 10. The proof provided here, or rather the lack thereof, leaves all reasonable minds to speculate as to whether or not the PCR court would have: not scheduled a hearing on the motion;

---

[3] In its order granting summary judgment, the trial court also questioned whether the PCR court had jurisdiction and authority to grant the stipulation motion—"Whether a PCR court would assent to stipulated post-conviction relief that is not tethered to the violation of rights asserted, without vacating the defective criminal conviction, and effectively enter a new criminal sentence without any underlying basis for doing so in exchange for dismissal of the PCR suit—if proper at all—at least was intrinsically speculative." Because we affirm on causation grounds, and because neither party explored this question on appeal, we do not reach this issue.

[4] We need not determine whether or not appellant's expert satisfied Vermont Rule of Evidence 702, which outlines the minimum reliability criteria for the admissibility of expert opinion testimony. Either way, our conclusion that appellant's negligence claim fails as a matter of law remains unchanged.

scheduled a hearing on the motion sooner than it did; issued an order on the motion in a shorter period of time after the hearing; come to the same conclusions and granted the stipulation motion; or behaved in any of the seemingly endless alternative manners a reasonable person could posit. The appellant's argument simply leaves too much to speculation, which is something this Court and trial courts will not do when examining a motion for summary judgment.

Affirmed.

FOR THE COURT:

_____

Associate Justice

¶ 11. **EATON, J., concurring.** I agree with the outcome reached by the majority affirming the dismissal of appellant Stephan Palmer, Sr.'s negligence claim against his criminal defense attorney because the claim rests upon speculation concerning the workings of the court in approving the proposed stipulation dismissing the post-conviction relief (PCR) claim. I write separately to point out additional concerns not addressed by the majority.

¶ 12. First, it cannot be gainsaid that the stipulation, which Palmer's expert claims "any reasonably competent and conscientious Vermont judge [would have approved] as soon as [they were] aware of its implications," was nothing more than an agreement to resentence Palmer. It contained nothing regarding the merits of his PCR complaint. Rather, it was merely an agreement to dismiss the PCR action in exchange for a resentencing to a lesser sentence on one of the criminal convictions, which also affected Palmer's aggregate sentence.

¶ 13. Section 7042 of Title 13, consistent with Vermont Rule of Criminal Procedure 35, provides that the court, on its own initiative, or upon motion of the criminal defendant, may reduce a sentence, which the stipulation called for, within ninety days of its imposition or affirmation. 13 V.S.A. § 7042(a). So long as either the court initiates sentence reconsideration or the defendant seeks it by motion within the ninety-day time frame, the criminal trial court retains jurisdiction to

6

decide the reconsideration issue for a reasonable period of time after the expiration of ninety days. State v. Desjardins, 144 Vt. 473, 476, 479 A.2d 160, 162 (1984). In this case, sentence was imposed on May 1, 2014. The permissible time for Palmer to seek sentence reduction expired ninety days after that date. The PCR court did not have authority under 13 V.S.A. § 7042, or Rule 35, to reduce Palmer's sentence based solely upon an untimely agreement of counsel to do so.

¶ 14. A defendant in custody under sentence, such as Palmer, may also be entitled to sentence reduction through a successful PCR proceeding pursuant to 13 V.S.A. § 7131 and § 7133. Among other relief, a PCR court is authorized to resentence a defendant under § 7133 if the court finds the judgment was made without jurisdiction, the sentence imposed was not authorized by law or is otherwise open to collateral attack, or there has been such a denial or infringement of constitutional rights of the defendant so as to make the judgment vulnerable to collateral attack. 13 V.S.A. § 7133. The stipulation agreed to by the parties in Palmer's PCR case establishes none of those avenues conferring jurisdiction on the PCR court to sign the stipulation for resentencing. We have long cautioned that the PCR statutes "are not intended as general sentence review statutes" and "[t]hey do not permit a successful attack on a valid sentence." In re Shequin, 131 Vt. 111, 118, 300 A.2d 536, 540 (1973), superseded in other respects by statute and rule as recognized in State v. Boyer, 144 Vt. 393, 481 A.2d 15 (1984) (per curiam). Because the stipulation does not provide the basis for the necessary findings under § 7133, the court lacked the ability to resentence Palmer pursuant to that statute.

¶ 15. It has been suggested, without evidentiary support, that stipulations such as the one here "are the way these cases are resolved all [or most of] the time." The decision of the trial court in this negligence action, questioning the legal basis for the PCR court to approve the stipulation, suggests otherwise. In any event, the frequency of a practice is not to be confused with its propriety. The rural stop sign is no less required to be obeyed even though many, most, or all, motorists ignore it. See 23 V.S.A. § 1048 (mandating drivers stop at stop sign). Just because

7

stipulations like the one in Palmer's PCR case are frequently presented to judges for signature, if indeed they are, such a practice provides no authority for the judge to sign it. The parties cannot confer authority upon the court to take an action simply through their agreement that the court has the power to do it.

¶ 16. I agree fully with the trial court here that execution of this stipulation by the PCR court was far more than a ministerial act. Under the terms of the stipulation, which said nothing about the merits of the PCR claim, the authority of the PCR court to sign this agreement, which upset the finality of a criminal judgment, is not apparent. Thus, the argument that "any reasonably competent" judge would have advanced the case on the docket, and signed the stipulation, is even more speculative than the majority's decision suggests.

¶ 17. Finally, that a judge ultimately signed the stipulation when he did does not mean the stipulation would have been signed sooner, or at all, if it had been presented at an earlier time. The PCR case was not specially assigned to the judge who ultimately signed the stipulation. Had there been an effort to advance this stipulation on the court docket to an earlier time, there is no guarantee that the same judge would have reviewed it <u>and</u> come to the same conclusion to sign it.[5] It is equally possible that another judge would have reviewed it, expressed the same reservations that the trial judge expressed in this case, and refused to sign it.

¶ 18. For these reasons, I concur in the outcome. I am authorized to state that Justice Carroll joins this concurrence.

_____

Associate Justice

---

[5] We have not addressed the interplay between 13 VSA § 5241(a) and (b) and therefore do not address whether the lack of any basis to show Palmer "successfully prevailed" in his professional negligence claim, as required under 13 V.S.A. § 5241(a), would have any impact on such a claim either independently or in conjunction with the statutory immunity afforded under 13 V.S.A. § 5241(b).