Filed 03/14/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-00880

Nathan Barcomb v Nicholas Deml

Opinion and Order on Cross-Motions for Summary Judgment

Plaintiff challenges a case-staffing determination made by the Department of Corrections (DOC) following the revocation of his parole. He maintains that the DOC relied upon a parole violation on which he was not found guilty and, indeed, for which no probable cause was found. He has moved for summary judgment on that basis. The DOC has cross-moved for summary judgment maintaining that there was sufficient information at the case-staffing review to support its ruling even leaving aside such evidence. The Court makes the following determinations.

I.      Summary Judgment Standard

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380. Where, as here, there are cross-motions for summary judgment, the parties opposing summary judgment "are entitled to the benefit of all reasonable doubts and inferences." *Montgomery v. Devoid*, 2006 VT 127, ¶ 9, 181 Vt. 154, 156.

II.     Analysis

There is no question that the case-staffing report contains various domestic assault allegations for which the Parole Board failed to find probable cause. The

1

report prominently mentions Plaintiff's relationships with women as a significant concern. The report also notes, however, that allegations of physical violence were not proven.

No doubt, case-staffing decisions are matters for which the DOC has significant discretion. *Wheelock v. Deml*, No. 22-CV-01554, 2023 WL 3605863, at \*4 (Vt. Super. Apr. 06, 2023). In certain circumstances, case staffing can consider matters of historical concern not directly related to the violations at issue. *Id.* at \*4-5. But principles of fairness and due process dictate that it cannot directly rely upon patently false information. *Id.* Further, in the context of case-staffing following a particular violation, the Court also agrees with other decisions that case staffing cannot sanction Plaintiff directly for conduct relating to violations on which the person was found not guilty. *Persad v. Vermont Dep't of Corr.*, 21-CV-02749, (Vt. Super. Nov. 29, 2022); *Kadawe v. Baker*, 342-10-20 Wncv (Vt. Super. Oct. 19, 2021).

In this instance, although the report acknowledges physical violence was not proven, the record raises significant concern that the case-staffing process relied, at least in part, on the allegations of domestic violence for which no probable cause was found. While Plaintiff has failed to allege specifically reliance in his statement of undisputed facts, cross-movant DOC has not denied such reliance. DOC's argument is that the staffing is defensible even if such reliance existed. The Court cannot agree. While other evidence may support the ultimate determination, the Court cannot determine on this record whether the result would have been the same if the tainted evidence were removed. Since the DOC has discretion in this area, it makes the most sense for the Court to remand for another case staffing, which may not rely upon the violation for which no probable cause was found.

WHEREFORE, the Plaintiff's motion for summary judgment is granted, and the Defendant's cross-motion is denied. The matter is remanded to the DOC for proceedings consistent with this opinion.

Electronically signed on Monday, March 11, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge