Filed 11/08/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-00773

---

Tanya Richards v. Vermont Mutual Insurance Company

---

Opinion and Order on VMIC's Motion for Summary Judgment

In the underlying tort suit, Plaintiff Tanya Richards and her daughters claimed that they were injured in an automobile collision caused by Ms. Cassidy Murdock's negligent driving. *Richards v. Murdock*, No. 21-CV-1397 (Vt. Super. Ct.). An insurance provider other than Defendant Vermont Mutual Insurance Company (VMIC) is providing Ms. Murdock a defense in that case. At the time of the collision, Ms. Murdock had exclusive use of and was driving a vehicle owned by her mother, who lives in Arizona, while living in a camper on property owned by her father in Vermont. In this case, Ms. Richards seeks to establish that Ms. Murdock has coverage under a VMIC auto policy principally insuring Ms. Murdock's father and his vehicles. The parties disagree as to: (1) whether Ms. Richards has any sufficient interest in the VMIC policy enabling her to sue to establish coverage; (2) whether Ms. Murdock was her father's "family member," for coverage purposes, at the time of the collision; and (3) whether a particular exclusion forecloses coverage. VMIC has filed a motion for summary judgment addressing the first and third issues only, which Ms. Richards opposes.

I.      Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every

Order                                                                    Page **1** of **6**
24-CV-00773 Tanya Richards v. Vermont Mutual Insurance Company

action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

The basic facts as set forth above are undisputed.

II.     Analysis

Substantial nonbinding authority supports VMIC's argument that Ms. Richards is not properly treated as an intended third-party beneficiary of the policy at issue and, at least without a judgment against VMIC's insured in hand, lacks authority to pursue this direct action against VMIC to establish coverage. *See Roberts v. ADA Traffic Control, Ltd.*, No. 21-CV-1101, 2022 WL 17960121, at *5–6 (Vt. Super. Ct. Nov. 18, 2022) (analyzing this question and concluding that tort-plaintiff lacks authority to establish

coverage in direct action against tortfeasor's insurer).  The Vermont Supreme Court has never ruled on that issue, however, while it has clearly authorized tort-plaintiffs, as defendants in coverage actions, to appeal adverse coverage determinations, recognizing that the "most real dispute" is between the tort-plaintiff and the tortfeasor's insurer.  *See Coop. Fire Ins. Ass'n of Vermont v. Bizon*, 166 Vt. 326, 330 (1997) ("no difficulty" allowing tort-plaintiff to appeal in those circumstances).

While the Court believes VMIC likely has the better of the third-party beneficiary argument, the Court need not make a definitive ruling to that effect because the VMIC policy plainly provides no coverage in the circumstances of the case.

The basic principles of interpreting insurance policies are as follows:

> When interpreting an insurance policy, this Court follows well-established principles . . . .  "An insurance policy is construed according to 'its terms and the evident intent of the parties as expressed in the policy language.'"  An insurance policy "is to be strictly construed against the insurer." . . . .

> Vermont law "requires that policy language be accorded its plain, ordinary meaning consistent with the reasonable expectation of the insured, and that terms that are ambiguous or unclear be construed broadly in favor of coverage."  "Words or phrases in an insurance policy are ambiguous if they are fairly susceptible to more than one reasonable interpretation."  Further, "[w]hen a provision is ambiguous or may reasonably be interpreted in more than one way, then we will construe it according to the reasonable expectations of the insured, based on the policy language."  However, "the fact that a dispute has arisen as to proper interpretation does not automatically render the language ambiguous."  And, "we will not deprive the insurer of unambiguous terms placed in the contract for its benefit."

*Rainforest Chocolate, LLC v. Sentinel Insurance Company, Ltd.*, 2018 VT 140, ¶¶ 6–7, 209 Vt. 232, 235–36 (citations omitted).

Here, the named insured on the VMIC policy is James Murdock, Ms. Murdock's father.  Covered autos described in the declarations include a 2001 Jeep and a 2019 Ram.

Ms. Murdock was driving her mother's 2017 Acura. The policy includes liability coverage for "'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." Policy, Insuring Agreement ¶ A at 2. "Insured" includes, in relevant part, a "family member." *Id*. ¶ B at 2. "'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household." Policy, Definitions ¶ F at 1. "You" and "your" refer specifically to the named insured, Mr. Murdock. *See id*. ¶ A at 1. Whether Ms. Murdock was a resident of Mr. Murdock's household, and thus a family member, is disputed but assumed for purposes of VMIC's motion.

Exclusion B.3 is principally at issue here. Exclusions B.2–3 provide as follows:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

.    .    .

2. Any vehicle, other than "your covered auto", which is:
   a. Owned by you; or
   b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:
   a. Owned by any "family member": or
   b. Furnished or available for the regular use of any "family member".

However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:
   a. Owned by a "family member"; or
   b, Furnished or available for the regular use of a "family member".

Policy, Exclusions ¶¶ B.2–3 at 3. As it applies to this case, "your covered auto" refers to Mr. Murdock's vehicles as described in the declarations. *See* Policy, Definitions ¶ J at 1.

Ms. Richards contends that, "[w]hile the policy excludes coverage for 'any vehicle' other than the vehicles identified within the policy, this exclusion does not apply when the vehicle in question is 'furnished or available for the regular use of any 'family

member.'" Ms. Richards' Memorandum in Opposition 6–7. VMIC counters that the exception to Exclusion B.3 only applies to the insured, *i.e.*, James Murdock. The Court agrees with VMIC.

Looking first to Exclusion B.2, it is clear on its face that its meaning and purpose is to exclude coverage in relation to the use of a vehicle not listed in the declarations if the named insured owns or regularly uses that vehicle. Exclusion B.3 is the same exclusion applied to family members. The "however" exception to Exclusion B.3, which Ms. Richards seeks to rely upon, simply does not apply to anyone other than "you," *i.e.*, the named insured. In other words, James Murdock would have coverage if he were maintaining or occupying a family vehicle.

Ms. Richards points to nothing in the Policy that could possibly reveal that it provides coverage in the context of this case.[1] Ms. Richards' interpretation of the Policy would eliminate the "to you" language out of the exception. It would also be tautological in that Exemption B.3 would exempt vehicles provided for use by family members and, in the next breath, take back the exemption for those same persons. Such a construction makes no sense.

These provisions of the Policy are plain and nonambiguous. Even accepting for these purposes that she was a "family member" under the Policy, at the time of the collision, Ms. Murdock was driving a car other than one described in the declarations of the VMIC policy that was furnished for her regular use by her mother. Under Exclusion

---

[1] Ms. Richards suggests that, in a letter to her, VMIC supported her interpretation of the Policy. The Court has reviewed the letter and sees no such concession. In any event, it is the language of the Policy that controls the result in this case.

B.3 there is no coverage for her under such circumstances. Both she and her mother's car are strangers to the Policy.

<u>Conclusion</u>

For the foregoing reasons, VMIC's motion for summary judgment is granted.

Electronically signed on Wednesday, November 6, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge